[No. 1800.  Decided December 11, 1895.]

FLORENCE WASHBURN LEAKE, *Respondent*, v. ELLA WASHBURN HAYES *et al.*, *Defendants*, CHARLES HANSEN *et ux.*, *Appellants*.

PARTITION — PLEADING — RECOVERY BY CO-TENANT FOR IMPROVEMENTS AND TAXES — LIABILITY OF CO-TENANT FOR USE AND OCCUPATION — APPEAL — OFFER TO MODIFY JUDGMENT.

The refusal of the court to permit defendant in partition to withdraw an answer setting up the entire title in herself and file an amended answer setting up a tenancy in common with others is not erroneous, since partition must of necessity be made under the statute according to the interest of the respective owners of the land sought to be divided.

A tenant in common in possession of property under a claim of ownership is entitled on partition to recover such portion of the taxes paid by her as inured to the benefit of the other owners.

The offer of respondent after an appeal has been taken to consent to a modification of a judgment for the purpose of correcting error therein, will not affect the right of appellant to a reversal.

A co-tenant who has in good faith, under the belief that she was the owner of the entire title, placed improvements on the land, is entitled on partition to be allotted the land upon which such improvements were placed, if capable of such partition without any diminution of the proportionate shares of the other co-tenants, and in case of sale, the value of the improvements in such case should be awarded out of the proceeds to the co-tenant making them.

A tenant in common who enters upon the common estate which yields no profits, and so improves it as to make it productive, is entitled to all the profits produced by means of such improvements, and no allowance should be made against him for the increase in value of the land occasioned by such improvements.

A tenant in common in exclusive possession cannot be rendered liable for use and occupation, or rents and profits, until after demand therefor by his co-tenant.

The rule in ejectment, under Code Proc., § 534, limiting the recovery for improvements made by one in possession of the land of another to the value of the rents and profits accruing during such occupancy, does not apply to actions for partition.

Improvements placed by a husband upon property of which his wife was a co-tenant, under such circumstances that, if made by her she would be entitled upon partition to an allowance therefor, inure to her benefit.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge. Reversed.

*C. C. Bitting*, for appellants.

*Frank Quinby*, and *Million & Houser*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This was an action for partition of certain real estate situated in Skagit county, and which, it is conceded, was formerly the community property of Charles Washburn and Mahala Washburn, his wife, the latter being the defendant Mahala Washburn Hansen and the wife of Charles Hansen. In July, 1880, Charles Washburn died, leaving him sur-

viving his widow, Mahala Washburn, and five minor children, of whom the plaintiff and respondent is one. Another child was born some two months after the death of the father. Subsequently two of the minor children died. The remaining four are all parties to this proceeding, three of them being defendants.

Prior to his death, Charles Washburn made a will by which he devised the whole of his property, real and personal, to his wife Mahala Washburn, now Hansen. This will was duly admitted to probate and the said devisee was appointed executrix by the probate court. Thereafter, a decree was entered declaring the said Mahala Washburn to be the owner of all the real estate in question by virtue of the provisions of the will of her said deceased husband. She remained in possession of the premises, with her children, after the death of her husband, and has ever since occupied the same, always believing, as she claims, prior to the judgment of the court herein, that she was the sole owner thereof. In the year 1882 she married the defendant Charles Hansen, who with her has occupied the premises ever since said marriage.

It is claimed by the defendants Hansen that, at the time of the death of Charles Washburn and up to the time of the marriage of said defendants, but a small portion of the land in controversy was capable of cultivation, and that the whole tract was of comparatively little value; but that since that time it has been, by the labor and means of the defendant Charles Hansen, rendered fit for cultivation and profitable use, and its value greatly enhanced. Plaintiff in her complaint alleged facts showing a tenancy in common between her and the other children of the deceased and her mother, the defendant Mahala Hansen. She also alleged that the defendants Mahala Hansen

and Charles Hansen have for the last seven years had exclusive control and use of the premises described in the complaint, and have collected the rents and profits, the reasonable value of which is $1,000; and prayed for a partition, and that said defendants be required to account for the said rents and profits.

The defendants, Charles Hansen and Mahala Hansen, answered, alleging, among other things, the making of the will by Charles Washburn, the probate thereof and the decree of the probate court, and averring that by virtue of said will and decree the defendant Mahala Hansen became the sole owner of the land sought to be partitioned, and that the plaintiff and the other children of said deceased had no interest therein, or title thereto. A reply was filed, denying all the material allegations of the answer. Upon the issue thus formed the question of title was tried by the court.

At the trial the court adjudged the will void as to the children of the testator, for the reason that it neither made mention of nor provided for them as required by law, and that the probate proceedings were likewise invalid. By consent of all parties, the defendants Hansen then filed an amended answer, setting out the death of Charles Washburn, the circumstances in which his family were left at the time of his death, the unfitness of the land to furnish subsistence for the family, the fact of the execution of the purported will of the deceased, the inability of the widow to employ or pay lawyers to advise her concerning said will, and her ignorance of the law concerning the same, the probate of the will and the belief by the defendants that said Mahala Hansen was the sole owner of the property by reason of the will and the decree of the probate court, an account of the

receipts from the land, together with the expenditures
for the support of the family and the character and
cost of the improvements, and asking for specific re-
lief on account of such improvements.

A reply was filed to this amended answer, alleging
affirmatively that the claim for improvements prior to
the year 1891 was barred by the statute of limitations.
The cause was then set for trial upon the question of
rents, profits and improvements, and when it came on
for hearing the plaintiff objected to any claim for im-
provements on the ground that "the defendants hav-
ing held possession and claimed title to the property
they are not entitled to any improvements made, ex-
cept in so far as they may offset the rents and profits,"
which objection was sustained, and the offer of the
defendants to show the character and the value of
their improvements rejected, counsel for plaintiff hav-
admitted in open court that the value of the improve-
ments equalled the value of the rents and profits. The
defendants thereupon asked leave to withdraw the
answer on which the ruling of the court was based,
and to file an amended answer because of "mistake of
former counsel," and "in aid of substantial justice
between the parties," which request was denied by
the court , and exception taken.

It seems that the trial court disallowed all claims
for taxes paid by the defendants on the land, and ren-
dered judgment establishing the interests of the vari-
ous parties, and for a partition according to such in-
terests, excluding all claims for improvements and
other relief asked for by the defendants, and ap-
pointing a referee to make partition and report his
doings to the court, as provided by law. In deter-
mining the interests of the several parties in the land
in dispute, the court found and adjudged that the de-

fendant Charles Hansen had no individual interest therein, claim thereto or lien thereon, by reason of labor performed or improvements made thereon by him. The defendants Hansen have appealed and here. allege and insist that the trial court erred in denying their request to withdraw their original answer, and in ruling that because they had held the premises adversely they were not entitled to compensation for improvements in excess of the rents and profits, and in refusing to permit them to show the character and value of the improvements in accordance with the allegations of the amended answer.

As to, the point that the court erred in refusing to allow appellants to withdraw their original answer, it is sufficient to observe that, in our opinion, the action of the court was right. In any event, it was the primary duty of the court to determine the respective rights and interests of all the parties to the action, and this would necessarily have been done, if the answer had. been such as appellants desired to file in lieu of the original one, for the reason that a partition must of necessity be made according to the interests of the respective owners of the land sought to be divided. The statute requires each defendant in proceedings for partition, to set forth in his answer the nature and extent of his interest in the property, (Code Proc., § 582), and this the appellants did in their original answer, according to their understanding and belief at the time.

But, even if it were conceded that the court erred in this ruling, appellants were not in the slightest degree injured thereby, for their real interests could not have been changed by their answer, and their amended answer put in issue all other questions deemed material by them. We think, however, that

appellants, or at least Mrs. Hansen, was entitled to recover such portion of the taxes paid by appellants as inured to the benefit of the other owners of the property. This seems to be conceded by the respondent, in view of the ruling of this court in *McInerney v. Beck*, 10 Wash. 515 (39 Pac. 130), but she claims that the judgment should not be reversed on that account because she offered to allow it to be modified in accordance with that decision, although the offer was not made until after the judgment had been entered and the appeal duly taken. But we think the appellants were under no obligation, either legal or equitable, to submit to the proposed modification at that time. They had a perfect right to stand upon the record as made without thereby losing any of their rights in this court.

We also think that the court should not have awarded a partition of the premises without first having ascertained the value of appellants' improvements thereon. While it is a well-settled general rule of law that one tenant in common cannot at his own suit recover for improvements placed upon the common estate without the request or consent of his co-tenant, yet a court of equity will not, "if it can avoid so inequitable a result, enable a co-tenant to take advantage of the improvements for which he has contributed nothing. When the common lands come to be divided, an opportunity is offered to give the co-tenant who has enhanced the value of a parcel of the premises the fruits of his expenditures and industry, by allotting to him the parcel so enhanced in value, or so much thereof as represents his share of the whole tract. 'It is the duty of equity to cause these improvements to be assigned to their respective owners (whose labor and money have been thus inseparably

fixed on the land), so far as can be done consistently with an equitable partition.'" Freeman, Cotenancy and Partition (2d ed.), § 509.

This principle is but an exemplification of the ancient and well-known maxim that "he who asks equity must do equity." Now, if it be true, as appellants allege, that at the time of the death of Charles Washburn the land was almost wholly in a wild state and, therefore, unproductive, and that they have not only put valuable and permanent improvements upon it but have cleared it for cultivation and made it capable of yielding valuable profits, and have done all this in good faith, under the belief that Mrs. Hansen was the absolute owner, it seems to us that it would not only be extremely unjust and inequitable to allow them nothing for their expenditures and labor, but contrary to reason and the great weight of the authorities. The doctrine of the courts on this subject is well expressed by Mr. Pomeroy in the following language:

"Where two or more persons are joint purchasers or owners of real or other property, and one of them, acting in good faith and for the joint benefit, makes repairs or improvements upon the property which are permanent, and add a permanent value to the entire estate, equity may not only give him a claim for contribution against the other joint owners, with respect to their proportionate shares of the amount thus expended, but may also create a lien as security for such demand upon the undivided shares of the other proprietors. Such an equitable lien has not always been confined to cases in which a contract to reimburse could be implied at law. The right to a contribution or reimbursement from the owner, and the equitable lien on the property benefited as a security therefor, have been extended to other cases where a party innocently and in good faith, though under a mistake as to the true condition of the title, makes

improvements or repairs or other expenditures which permanently increase the value of the property, so that the real owner, when he seeks the aid of equity to establish his right to the property itself, or to enforce some equitable claim upon it, having been substantially benefited, is required, upon principles of justice and equity, to repay the amount expended." Pomeroy, Equity, §§ 1240 and 1241.

See, also: *Id.* Vol. 1, § 393; and Vol. 3, § 1389; *Carver v. Coffman,* 109 Ind. 547 (10 N. E. 567); *Annely v. DeSaussure,* 17 S. C. 389; *Scaife v. Thomson,* 15 S. C. 337; *Hall v. Piddock.* 21 N. J. Eq. 311; *Carter's Ex'r. v. Carter,* 5 Munf. 108; *Worthington v. Hiss,* 70 Md. 172 (16 Atl. .534); *Green v. Putnam,* 1 Barb. 500; 1 Story's Equity, (13th ed.), §§ 554 and 555.

The respondent can lose nothing by the application of this just principle. The improvements have cost her nothing, and if the appellants are allowed their present value in case partition cannot be made without prejudice to the interests of the several owners, or are awarded the particular portion of the premises which are thereby enhanced in value, she will receive all she would have received if appellants had permitted the land to remain unimproved, and that is all she can justly claim. Of course, if it should be found to be a fact that the whole tract has been cleared and fitted for cultivation, the respondent, and each of the other heirs of the deceased, would, in the event of a division, necessarily receive a portion of the land so improved, for under no circumstances could she be deprived of her just proportion. The court below found that appellant Mrs. Hansen was the owner of eight-twelfths of the land, and, being a tenant in common with the respondent, she and her husband have at all times been rightfully in possession of the entire premises, and if the land was made productive solely by

their industry and enterprise they are entitled to all the profits which have resulted from their efforts, especially if they have not excluded their co-tenants from a like possession.

In *Nelson's Heirs v. Clay's Heirs*, 7 J. J. Marsh. 138 (23 Am. Dec. 387), the court declared the law to be that where one tenant in common enters upon the common estate which yields no profit, and so improves it as to make it productive, he is entitled to all the profits produced by means of such improvements, and without making any allowance against him for the increase in value occasioned by his improvements. And this is substantially the doctrine maintained by a decided preponderance of the authorities. (See Freeman, Cotenancy and Partition, § 258; *Worthington v. Hiss, supra*; *Killmer v. Wuchner*, 79 Iowa, 722 (45 N. W. 299, 18 Am. St. Rep. 392); *Ford v. Knapp*, 102 N. Y. 135 (6 N. E. 283, 55 Am. Rep. 782).

Moreover, if appellants are liable at all for use and occupation, or rents and profits, their liability did not arise until after demand was made therefor by the respondent. *Johnson v. Pelot*, 24 S. C. 255 (58 Am. Rep. 253); *Scaife v. Thomson, supra*; *Woodward v. Clarke*, 4 Strob. Eq. 167.

But the respondent contends that, if appellants are entitled to anything at all for improvements, the amount thereof should be limited to the value of the rents and profits as provided by the Code of Procedure, § 534, in actions for possession of real property; and such seems to be the rule in Alabama. *Sanders v. Robertson*, 57 Ala. 465. We are not disposed, however, to adopt that rule in this instance. This is not an action of ejectment; nor does the respondent in her complaint ask to be let into possession of any part of the land in controversy, or even allege that she ever

asked or demanded possession thereof. For aught that appears in the record she has silently stood by for years without once claiming title or possession, and with full knowledge that her mother and step-father were patiently and laboriously toiling to make this land, which they claim was of no rental value whatever, fit for comfortable habitation and capable of yielding remunerative profits. But, be that as it may, she now not only asks the court to determine and set apart her portion of the land, but is unwilling to allow appellants the value of their own improvements or to refund the taxes paid for her benefit. This is unjust and cannot be sanctioned by a court of equity.

As against the respondent, appellant Charles Hansen is entitled to no specific relief. He knew when he performed labor and erected improvements upon the land, that he had no interest or title in or to the premises so improved. He therefore stands, so far as respondent is concerned, in the position of a party who has voluntarily and knowingly improved another's property without request, and can claim nothing by way of direct compensation. But it does not follow that the improvements resulting from his labor and expenditure should be entirely disregarded in this proceeding. He believed that he was meliorating the property of his wife, and what he did was done with her consent and for her benefit as well as his own. His wife's belief was the same, and we perceive no substantial reason why she should not receive the benefit of all that was done on her account, to the same extent as if she had, by her own hands, improved the common estate.

Our conclusion, therefore, is that, if an equitable partition can be made, that portion of the premises

upon which buildings and other improvements, if any, have been erected, should be allotted to appellant, Mrs. Hansen; and if a division cannot be so made, then the land should be sold and the value of the improvements awarded her out of the proceeds. In either event, she will be entitled to recover the amount of taxes paid on that part of the property belonging to her co-tenants.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and DUNBAR, GORDON and SCOTT, JJ., concur.