[No. 15095. Department Two. May 14, 1919.]

EMMA WOMACH et al., Respondents and Cross-Appellants, v. AMANDA SANDYGREN, Appellant, HOLLAND BANK, Intervener.[1]

ABATEMENT AND REVIVAL (11)—ANOTHER ACTION PENDING—DEMURRER. A complaint is not demurrable on the ground that another action is pending, where the fact does not appear on the face of the complaint.

JUDGMENT (227, 229) — CONCLUSIVENESS — MATTERS NOT IN ISSUE. Where, in a former action, the court denied relief on account of rents received prior to 1916 because not involved therein, the former judgment is not a bar to an action for rents for the year 1915.

TENANCY IN COMMON (7, 11-1)—RENTS AND PROFITS—ACCOUNTING. Where one tenant in common farmed parts of the land, claiming it as her own, excluding her cotenants and refusing to pay any part of the proceeds, she is liable to an accounting for the profits.

[1]Reported in 180 Pac. 922.

SAME (8)—REPAIRS AND IMPROVEMENTS. Pending receivership litigation for the partition of common property, a tenant in common makes repairs and improvements at her peril, and cannot offset the same against an action for profits, where they did not enhance the value of the property.

JUDGMENT (222)—CONCLUSIVENESS—MATTERS LITIGATED AND DETERMINED. The liability of a tenant in common to share in the payment of a mortgage litigated and determined in a partition suit is concluded and cannot be again raised in an action for an accounting between the same parties.

TENANCY IN COMMON (7)—RENTS AND PROFITS. In an action for an accounting of profits received by a tenant in common who farmed the land, rentals should be based upon one-third of the crop, where that was the custom in that country for lands of that kind.

SAME (7). In an action for an accounting of profits received by a tenant in common who farmed the land, he should be required to account for a crop at the price at which it was actually sold.

Cross-appeals from a judgment of the superior court for Lincoln county, Sessions, J., entered March 29, 1918, upon findings in favor of the plaintiff for rent, in an action tried to the court. Affirmed.

*Martin & Jesseph,* for appellant.
*G. E. Lovell,* for respondents.

MOUNT, J. — This action was brought to recover against Amanda Sandygren rent for the year 1915 upon farm lands owned in common by the parties hereto. The Holland Bank intervened as a party plaintiff. Upon issues framed, the case was tried to the court without a jury, and resulted in a judgment in favor of Emma Womach for $783.77, with interest at the rate of six per cent from November 1, 1915; in favor of Anna Salt, for $699.80, with interest at the same rate from the same date; and in favor of the intervener for $91.97, with interest from the same date. The defendant, Amanda Sandygren, has appealed from that judgment. The plaintiffs, Emma Womach and

Anna Salt, have cross-appealed. The Holland Bank has not appealed.

The parties to the appeal will therefore be designated as appellant and cross-appellants.

The appellant contends, first: that the trial court committed error in overruling her demurrer to the complaint and in refusing to dismiss the action at the close of the cross-appellant's evidence, because another action was pending between the same parties in relation to the same subject-matter. It is sufficient to say, upon the demurrer, that the complaint did not show upon its face that there was another action pending between the parties. The court, therefore, properly overruled the demurrer.

Upon the trial, it appeared that, in the year 1916, an action was brought by these cross-appellants for partition of certain farm lands in Lincoln county; that the appellant, Amanda Sandygren, was at that time claiming to own the larger part of these farm lands. After that action was brought, a receiver was appointed to take charge of the lands and collect the rents accruing thereon pending the litigation. Mrs. Sandygren appealed from the order appointing the receiver, gave a *supersedeas* bond, and kept possession of the property. After the appeal had been determined in this court, affirming the order appointing the receiver (*Womach v. Sandygren,* 94 Wash. 256, 162 Pac. 354), a citation was issued directing Mrs. Sandygren to turn over the property to the receiver. The court then concluded that the rents which had accrued, and which had been received by Mrs. Sandygren prior to the commencement of that action, were not involved therein, and refused to require Mrs. Sandygren to turn over to the receiver the rents or to account therefor prior to the year 1916. Thereupon this action was brought for an accounting of the rents for the year 1915. So

it is apparent from the facts, as they appear in the record, that the action pending between the appellant and the cross-appellants at that time did not involve the rents for 1915. There was, therefore, no action pending between the same parties upon the same subject-matter; and we are of the opinion that the trial court properly denied the motion to dismiss the action.

Appellant next contends that the trial court allowed a recovery for rents upon two pieces of property from which she had never received any of the rents. There is some dispute in the evidence upon this question. The trial court, after hearing the evidence, concluded that the appellant had received rents for these pieces of property for 1915 and required an accounting therefor. We think the evidence justified the court in so finding.

It is next argued that the court erred in permitting any recovery against the appellant for rents for the year 1915, because the property was common property and the parties were cotenants, and therefore the cross-appellants had the same right to farm the lands or lease the lands that the appellant had; and for that reason there could be no recovery. A number of cases are cited to the effect that a cotenant may not be held for rents and profits where such cotenant has not denied the right of other cotenants to share in the profits. The rule is stated in 38 Cyc., page 63, as follows:

"A tenant in common, while merely in possession of the common property, not excluding his cotenants, nor denying them equal enjoyment, cannot be charged with rent for use and occupation, and where a tenant in common does not claim more than his proportionate share, and does not receive rents or profits for more than said share, and does not prevent his tenant in common from occupying the property or receiving or enjoying his proportionate share of the rents and

profits, his cotenant is not entitled to recover from him any parts of such rents or profits received. But a cotenant may be held liable where there is a statute or an agreement express or implied to that effect, or where the relation of the cotenant solely occupying the whole of the common property is fiduciary, and where the common property is occupied adversely, or to the exclusion of the other common owners, by some of the cotenants, those so occupying are liable for so much of the rental value and the value of the profits thereof as exceed their proportionate share."

We think it fairly appears from the record here that the appellant, in the year 1915, was claiming the larger part of the common property as her own and was excluding her joint tenants from farming the land or from collecting the rents, and she refused to pay to her cotenants any part of the proceeds for the year 1915. We are of the opinion, therefore, that she was liable under these circumstances for the proportionate share of the rents collected for that year upon common property. *Eckert v. Schmitt,* 60 Wash. 23, 110 Pac. 635; *Daniel v. Daniel,* 106 Wash. 659, 181 Pac. 215.

It is next claimed by the appellant that the trial court failed to give the appellant credit for certain expenses and repairs made upon the property. It appears that these expenses and repairs were made pending the receivership litigation wherein the cross-appellants were then litigating the question of partition with the appellant. Under these circumstances, of course, such expenses as were put upon the property were put there at appellant's peril and should not be allowed where it is not shown that these expenses and repairs enhanced the value of the property. It is not so shown in this case. At any rate, the trial court so concluded from the evidence.

Appellant next argues that the cross-appellants should be required to share in the payment of a mort-

gage which was paid by the appellant. That question was litigated and determined adversely to the appellant in the partition suit hereinabove mentioned, and it follows, of course, that she may not again litigate that question.

The cross-appellants argue that the trial court erred in making an accounting based upon one-third of the crops produced upon the common property as the rental value. The cross-appellants claim that the court should have required the appellant to account for one-half the crops produced as the rental value of the land. We think the evidence very clearly shows that the common custom for rental in that country for lands of this kind was one-third of the crop produced upon the land and not one-half. The trial court therefore committed no error in allowing the customary rental and requiring an accounting upon that basis.

Cross-appellants also contend that the court should have required the appellant to account for the portion of the crops received as rental at the highest value for which it could have been sold. The trial court required an accounting for the price at which the crop was actually sold. It is apparent that this was just and fair. There was no bad faith attached to the appellant in collecting the rent except that she was claiming that the land and rental belonged to her as a matter of right.

We are satisfied, upon the whole record, that the judgment appealed from was fair and just to all the parties and it is therefore affirmed.

Neither party will recover costs on this appeal.

CHADWICK, C. J., HOLCOMB, PARKER, and FULLERTON, JJ., concur.