[No. 17839.  Department Two.  October 5, 1923.]

CLAIRE CANNELL, *Appellant*, v. THERESA JAMES,
*Respondent*.[1]

TENANCY IN COMMON (11-1)—JOINT OWNERSHIP IN PROPERTY—
CHARGES AND CREDITS—COMPUTATION OF AMOUNT—EVIDENCE. Where
tenants in common had made a partial division of the property,
expenses thereafter incurred by one party upon the part which was
her own cannot be taken into consideration in an accounting of ex-
penses incurred in improving the common property.

SAME (11-1). In an accounting between tenants in common for
expenses incurred in improving the common property, cash pay-
ments made by one to the other should not be credited to the com-
mon account, but should be allowed as a credit in the full amount
made by the party paying the same.

COSTS (72)—ON APPEAL—APPORTIONMENT. Where, on an ac-
counting, the trial court apportioned the costs, and appellant was
successful as to only about one-half of her claim, she will be allowed
but one-half of her costs on appeal.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered June 29, 1922,
in favor of the defendant, in an action for equitable
relief, tried to the court.  Reversed.

*J. E. McAndrew,* for appellant.
*John M. Gleeson,* for respondent.

FULLERTON, J.—On March 25, 1920, the parties to
this action jointly purchased three several lots sit-
uated in the city of Spokane, taking a joint deed there-
for; the lots being known in the record as 502, 504 and
506, Maxwell avenue.  The purchase price was $1,200,
of which sum each of the parties paid one-half. On each
of the lots was a small house.  The purchasers sev-
erally desired one of the houses for residence pur-
poses, and the three were purchased because the
owner would not sell them singly.  It was the under-

[1]Reported in 219 Pac. 26.

standing of the parties at the time of the purchase that each would be permitted to select one, and that the other should be sold and the proceeds of the sale divided between them. At the time of the purchase, or very soon thereafter, Mrs. Cannell selected as her property the lot known as 502, in which selection Mrs. James acquiesced. Mrs. James made her selection later, taking 504.

The houses were in bad condition at the time of the purchase, and certain repair work was necessary to make them habitable. This work was undertaken, and progressed upon all three of the houses at once, the workmen engaged in the work moving from one to the other as necessity required. After the work had been completed as a joint venture, the purchasers took actual possession, each moving into the house selected by her. After thus taking possession, each of the parties made some additional improvements on the house occupied by her; Mrs. Cannell's being the more extensive and the more costly.

Later on Mrs. James desired to use her property as security for a loan. She approached Mrs. Cannell and suggested that they exchange deeds so as to vest in each the entire title to the lot of which she had possession. Mrs. Cannell consented to this and they went to a notary to have the deeds prepared. Mrs. Cannell was a married woman, and the notary preparing the deeds suggested that her husband join therein to foreclose any question as to his community property rights. Mr. Cannell was in an adjoining state, and the deed was forwarded to him for execution; Mrs. James' deed was left with the notary, with the understanding that the deeds would be exchanged on the return of the deed from Mr. Cannell. Mr. Cannell returned the deed to Mrs. Cannell instead of the notary, and Mrs. Can-

nell, meeting Mrs. James shortly thereafter, handed her the deed, saying she would go to the notary's office and get the deed left by Mrs. James with the notary. On going to the notary's office, however, she found that Mrs. James had taken the deed from the notary. She immediately demanded the deed from Mrs. James, but delivery of it was refused her.

Mrs. Cannell then began the present action to enforce a conveyance. Her complaint was appropriate for the relief sought. Mrs. James answered by denials and by a pleading in the nature of a cross-complaint. In the cross-complaint she alleged in substance that, in repairing the common property, she had borne the principal expense; and that Mrs. Cannell was indebted to her on account thereof in a sum in excess of $975.68. She prayed that an accounting be taken between them, that the sum found due her be declared a lien upon the interest of Mrs. Cannell in the common property, and that such interest be sold in satisfaction thereof.

The trial court heard the cause as an action for an accounting. At the conclusion of the evidence, it requested the parties to furnish it with a statement of the account exhibiting their respective claims. These statements were furnished. Mrs. Cannell's statement showed a balance due from her to Mrs. James of $92.91. Mrs. James' statement showed the balance as $559.65. The court adopted the statement of Mrs. James, and entered a decree giving Mrs. Cannell thirty days after the date of the decree in which to make the payment, and providing that, on the making of the same, Mrs. James should execute and deliver a deed to the property. It further decreed the sum found due to be a lien on the interests of Mrs. Cannell in the property and directed, in the case the amount due was not paid

at the time designated, that the property be sold to satisfy such lien as like property is sold under execution. Mrs. Cannell appeals.

The single question presented by the appeal is the correctness of the court's conclusion on the accounting. In the main, we think its conclusions are correct. The principal objection made by the appellant is because of the elimination from her account of certain items expended upon the property of which she took possession. But we think these were not expenditures on the common account of all of the properties. They were expenditures for improvements placed upon her own property and will inure to her sole benefit when the property is deeded to her. Under no correct principle could these be charged to the common account.

But there is a manifest error in the computation of the respondent which the trial court adopted. The appellant, in addition to contributing to the improvement of the common property, made certain cash payments direct to the respondent. These cash payments are credited to the appellant as contributions to the common account, the result being that the appellant receives credit as against the respondent for only one-half of the amount paid, whereas the credit should have been for the entire amount. There was also omitted from the respondent's statement certain cash payments which Mrs James while on the witness stand, admitted receiving. There was omitted also certain cash payments testified by Mrs. Cannell and her mother to have been made to Mrs. James which Mrs. James did not deny further than to say that she had no remembrance of them. It is our opinion that these should have been allowed. Deducting these payments, and correcting the error in the original account, there would remain due the respondent a balance of three

hundred fifty-one and 50-100 dollars, instead of five hundred fifty-nine and 65-100 dollars as the trial court found.

The trial court disallowed costs to either party in the court below. Owing to the condition of the record, it is our opinion that the costs in this court should also be apportioned, and that no more than one-half of the ordinary taxable costs should be recovered by the appellant.

The judgment appealed from is reversed, and the cause remanded with instructions to allow the respondent a recovery of $351.50. The judgment otherwise will not be changed, further than to allow the appellant a reasonable time, not less than thirty days, after the judgment is corrected, in which to pay the amount adjudged against her. The appellant will be allowed to recover one-half of the taxable costs of this appeal.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.