[No. 19582. Department Two. May 26, 1926.]

*In the Matter of the Estate of* JOHN FOSTER, *Deceased.* JAMES F. MONEY *et al., Appellants,* v. ADELINE M. FOSTER, *pro se and as Administratrix, Respondents.*[1]

[1] PARTITION (4)—PROPERTY SUBJECT—ESTATE IN COURSE OF ADMINISTRATION. In an action for an accounting between heirs, it is not error to refuse to allow a trial amendment to the complaint adding a prayer for a partition, before final account showing the rights and financial condition of the parties.

[2] WITNESSES (44) — COMPETENCY — TRANSACTIONS BETWEEN WITNESSES AND PERSON SUBSEQUENTLY DECEASED. In an administrator's action, it is proper to exclude proof of a conversation had by a party to the action with the deceased.

[3] TENANCY IN COMMON (8)—LIABILITY OF COTENANTS — IMPROVEMENTS UPON PROPERTY. In an action by a co-tenant for an accounting, plaintiff should not be allowed for improvements placed on the property without findings as to the necessity therefor and as to the extent that they enhanced the value of the property.

[4] SAME (11-1)—ACCOUNTING—VALUE OF IMPROVEMENTS. In an action for an accounting between co-tenants for a recovery for improvements placed on the property, it should be based upon the proportionate share that the interests of plaintiff bear to the whole estate.

[5] SAME (7, 11-1)—USE BY ONE TENANT—ACCOUNTING FOR RENT. In an action for an accounting between co-tenants, the reasonable rental value of the premises should be offset against the amount claimed to have been expended by the occupant for necessary repairs enhancing the value of the property.

[1]Reported in 246 Pac. 290.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered August 31, 1925, upon findings in favor of the defendant, in an action for an accounting, tried to the court. Reversed.

*Ben S. Sawyer,* for appellants.

*Troy & Yantis* and *Harry L. Parr,* for respondent.

MAIN, J.—This case was not argued orally, but, if we have correctly gathered from the briefs, the facts are as follows:

The decedent, John Foster, was the owner during his lifetime of a one-half interest in certain real estate situated in Olympia, where he made his home. He had no income other than a pension from the United States Government. The other half of the property was owned by his children. During the course of the probate of his estate, the court entered a decree that the estate was the owner of an undivided one-half of the property. Thereafter the administratrix, the surviving spouse, brought this action alleging that the community composed of herself and the decedent, had paid taxes and insurance premiums on the property, and that she had expended personally, after decedent's death, a large sum in improvements; that at the time she made the improvements she did not know that the defendants had any interest in the property. She prayed for judgment in behalf of the estate for one-half of the money spent for taxes and insurance, and for judgment in her own behalf for the sum paid for improvements on the property.

Many defenses were urged, among which were that there had been an agreement between the decedent and the defendants that the decedent should use the property without rent as long as he lived, and in consideration therefor he was to pay all the taxes and assess-

ments, keep the property insured, and pay for all necessary improvements; that, since decedent's death, the administratrix had been in possession of the property in question, and had never paid any rent therefor, although the reasonable value thereof was $20 per month.

On the trial of the action, the evidence showed that the taxes and insurance had been paid by decedent; that he had no income other than his pension from the United States government; that after his death a number of improvements were placed upon the property, and that the administratrix was notified of the claim of the defendants in the property only after the contract for some of the improvements had been let and the work under way. The court entered judgment in favor of the administratrix in the sum of $80.60 for half of the taxes; $34 for half the insurance premiums paid, and $347.50 on account of improvements made upon the premises.

[1] Appellants assign as error, first, that the court erred in refusing to allow an amendment to the pleadings at the time of trial to make the complaint a prayer for a partition of the interests of the parties in the premises. But we think there was no error in this regard. All of the parties were interested in the estate. The final account had not been rendered, and until that time the court was not in position to know the respective rights of the parties and the financial condition of the estate.

[2] It is next contended that the court erred in not admitting evidence of an agreement between the decedent and the appellants that the decedent should pay the taxes and insurance and necessary improvements on the property, and in return therefor have free rent during his lifetime. But the offer was to prove a conversation had by a party to the action with decedent.

This was clearly inadmissible under Rem. Comp. Stat., § 1211 [P. C. § 7722].

[3] It is next contended that judgment should not have been entered against appellants for the costs of the improvements upon the property in question. It was respondent's theory that any money spent upon the property in question by way of improvements should be recovered in full, irrespective of the question of whether the money was wisely spent, or whether it enhanced the value of the property. We think the rule is well established that improvements placed upon property by one cotenant may not be charged against the other cotenant, unless it appears that the improvements were either necessary or were an actual enhancement of the value of the property. The testimony upon this question is meager and we think the trial court should hear evidence upon the question of whether the money spent in improving this property was necessary or to what extent it increased the value of the property at the time the improvements were placed thereon. 7 R. C. L. 837; *Blackwell v. McLean*, 9 Wash. 301, 37 Pac. 317.

The judgment entered by the court also provides for a recovery of insurance premiums in the sum of $34, which is the full amount, according to the evidence, that was paid for insurance during the time it was occupied by decedent. One-half of this amount should be paid by the owners of the other half interest; therefore the judgment on this item should be $17.

[4] The judgment permitting recovery of $347.50 on account of improvements made upon the premises does not read in favor of Adeline Foster, personally; but in favor of the administratrix. This being an equity case, no findings of fact or conclusions of law were entered by the court, and we are unable to determine whether it was intended as a judgment in her

favor or not. Counsel for both sides seem to agree that it is a judgment in her behalf, and not in behalf of the estate. In computing the judgment for the value of the improvements, it should be remembered that Adeline Foster cannot recover personally in the total amount expended thereon. As to improvements made prior to the death of decedent the estate would be entitled to recover one-half of the cost; but as to improvements made thereafter by her from her own funds she would be entitled to recover only the proportionate share that the interest appellants have in the property bears to the whole estate. Otherwise appellants would be paying for the enhancement of respondent's distributive share. *Cannell v. James,* 126 Wash. 599, 219 Pac. 26.

[5] Objection is also made that the court refused to allow recovery for the rental value of the premises occupied by Adeline Foster from the time of decedent's death. If it is sought to render a money judgment in favor of Adeline Foster for improvements made from her separate funds, there should be offset against this one-half of the reasonable rental value of the premises from the time of decedent's death. The court was of the opinion that the claim for rent should be filed in the matter of the estate. But the occupancy by Adeline Foster of the premises in question was not an occupancy as administratrix. It was personal. As to the one-half belonging to the estate, she may be required at the time of her final account as administratrix to render an account as to its rental value, if the circumstances justify, but as to the one-half belonging to the other cotenant, her use is a personal one, which can be offset against any claim that she has against the cotenants.

The cause is reversed with instructions, (1) to ascertain if the improvements made upon the premises were

necessary, or to what extent they enhanced the value thereof; (2) to ascertain the reasonable value of the rental of the premises, and allow recovery for one-half of that amount.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.