[No. 35352. Department One. November 25, 1960.]

LOYD R. FULTON, *Respondent*, v. A. EUGENE FULTON, *Appellant.*[1]

*Vance & Goodin* and *Paul A. Goodin*, for appellant.

*Bayley, Fite, Westberg & Madden* and *A. J. Westberg*, for respondent.

DONWORTH, J.—This appeal involves a single item in an accounting between two former partners which was had

[1]Reported in 357 P. (2d) 169.

after the voluntary dissolution of the partnership. The disputed item (Item 45) was not involved in the partnership business but arose out of the occupation by the partners of certain portions of partnership real estate *subsequent* to the dissolution thereof.

The facts relating to this disputed item (so far as we deem them pertinent to the legal question involved) are not in conflict. The pertinent findings of the trial court are quoted later in this opinion.

The parties to this action are brothers who were formerly partners, namely A. Eugene Fulton (hereinafter called appellant) and Loyd R. Fulton (hereinafter called respondent). The partnership, from its inception in 1951 until its termination in March, 1957, engaged in the construction business. Upon dissolution of the partnership, it was agreed between the parties that appellant would purchase from respondent his interest in the real property owned and formerly used by the partnership for one half of the agreed value of fifty-one thousand dollars. The parties then owned this property as individual tenants in common.

Being unable to agree upon a satisfactory disposition of other partnership assets, both partners, by complaint and cross-complaint, instituted this action for partition and accounting. A pretrial conference was held following which the original pleadings were modified by a pretrial order. This order provided for the appointment of a referee to verify certain items and to make a final determination as to certain others. The findings of the referee were to be binding upon the parties except for "legal questions."

A trial was had on only those issues which the referee could not finally determine. Findings of fact, conclusions of law, and a decree were entered by the trial court. As stated in appellant's brief,

" . . . This appeal is taken primarily from that portion of the Decree disapproving and disallowing Item 45 of the referee's report representing a charge against the parties for rent for the portions of the business premises respectively occupied by them from the date of dissolution [March 31, 1957] to the date of the Decree [May 1, 1959]."

The referee found that the reasonable rental value of that portion of the premises used by respondent during the period in question was three hundred fifty dollars per month, whereas the reasonable rental value of that portion used by appellant was only one hundred dollars per month. As to this item, the referee also noted in his report "reasonableness O.K., legal liability undecided."

At the trial, respondent contended that, under the circumstances of this case and in view of the fact that both parties owned the property as tenants in common, neither should be held accountable for the fair rental value of any part of the premises. Had the trial court rejected respondent's contention and held each party accountable for the fair rental value of that part of the premises which each party, in fact, used, the end result would have been a net gain to appellant of $3,125.

At the trial, evidence was offered and received bearing on the use of the property by each of the parties subsequent to the dissolution of the partnership and other pertinent matters bearing on the question of the legal liability of the former partners for the rental value of the portion used by each. As to this matter, the trial court found as follows:

" . . . The real property hereinabove described is improved with two buildings, one housing the office and basement, and a separate building and adjacent loading platform used for shop and warehouse and generally referred to as the mill building. During the life of the partnership, both parties had equal and unrestricted access to all portions of the real property hereinabove referred to. After March 31, 1957, the plaintiff carried on the business of a general contractor and continued to use the general areas of the common property which he had used before, and the defendant continued to carry on business as an architect and designer and to generally use the same areas that he had used before. After the termination of the partnership business, the entire common property continued to be available throughout to both parties without any portion of the property being assigned by agreement or otherwise to the use of either party. In contemplation of his eventual purchase of the entire common property, the

defendant after the termination of the partnership business went upon portions of the warehouse and mill building property and areas surrounding them for the purpose of making improvements and repairs, paving the open areas. The defendant rented a portion of the platform and mill building for use by others and Referee's Report contains an accounting for the receipt of rentals received. The plaintiff's inventory and machinery continued to be stored in the mill building on the premises and in the basement of the office building, and portions of the personal property charged to the defendant in the referee's accounting were likewise stored in various portions of the premises including the mill building and the basement of the office building. The Court finds that there was no exclusive use of any portion of the premises by either of the parties and that while the plaintiff was generally occupying and using a greater proportion of the space than the defendant was generally using and occupying, neither party excluded the other from any portion of the areas and both partners made use of the entire area to such extent as each in connection with his own individual activities deemed necessary. The Court also finds that the plaintiff, following the termination of the partnership, arranged for the removal of his business to other property but was unable because of lack of finances to entirely vacate all of the premises without receiving a settlement for his interest in the partnership assets and common property, due to defendant's failure and refusal to pay in cash to the plaintiff funds owing to plaintiff and arising out of defendant's purchase of real property. Item 45 of the Referee's Report representing a charge against the parties hereto for rent for the portions of the premises respectively occupied by them is disapproved and disallowed as a proper item of the accounting."

The rule of law adhered to in a great majority of American jurisdictions with regard to a cotenant's liability for personal use and occupancy of common property is set forth in an annotation in 51 A. L. R. (2d) at p. 413 as follows:

" . . . absent statute construed to work a different result . . . a tenant in common, joint tenant, or coparcener who has enjoyed occupancy of the common premises or some part thereof is not liable to pay rent to the others therefor, or to account to them respecting the reasonable value of his occupancy, *where they have not been ousted or excluded nor their equal rights denied,* and no agree-

ment to pay for occupancy, or limiting or assigning rights of occupancy, has been entered into." (Italics ours.)

Appellant relies principally on *McKnight v. Basilides,* 19 Wn. (2d) 391, 143 P. (2d) 307 (1943), to support the proposition that the above-stated rule of law has been rejected in this state. The majority opinion in the *McKnight* case contains language which seemingly bears out appellant's analysis. At page 407, this court indicated its apparent disapproval of the general rule, saying:

" . . . There is no sound basis for the general rule of law. No practical or reasonable argument can be advanced for allowing one in possession to reap a financial benefit by occupying property owned in common without paying for his personal use of that part of the property owned by his cotenants. . . ."

We are of the opinion, however, that, despite the dictum quoted above, the holding in the *McKnight* case is thoroughly consistent with the so-called majority rule. In that case, the defendant-appellant was the sole occupant of property owned in common, to the exclusion of his cotenants. By reason of this sole and exclusive occupancy and control of common property,[2] the appellant in the *McKnight* case was held accountable for the fair rental value of the property, specifically for that portion of the rental value in excess of his legal interest. The *McKnight* case falls squarely within the exception stated in the italicized portion of the above-quoted statement of the majority rule (51 A. L. R. (2d) at p. 413), because the cotenants in that case were, in fact, excluded from the common property and their equal rights therein were denied by the appellant.

In the case at bar, appellant was in no way ousted or excluded from the premises. After termination of the partnership business on March 31, 1957, the trial court found that neither party was denied free access to any portion of the common premises. Absent ouster or exclusion of one cotenant by the other from free access to

[2] In the *McKnight* case the appellant occupied one parcel of the common property himself and rented out the remainder, retaining all rental payments.

the common property, there can be no liability between cotenants for rental value of portions of the premises occupied by either. It should be noted, however, that we are not called upon, under the facts of this case, to pass upon the question of whether or not one cotenant who ousts or actively excludes another cotenant from use and occupancy of any portion of the common property is liable to account to the ousted or excluded cotenant for the reasonable rental value thereof.

The other Washington cases cited by appellant are consistent with the prevailing American rule relating to the liability of cotenants for exclusive personal use and occupancy of common property *Cf. Leake v. Hayes,* 13 Wash. 213, 43 Pac. 48 (1895); *Eckert v. Schmitt,* 60 Wash. 23, 110 Pac. 635 (1910); *Womach v. Sandygren,* 107 Wash. 80, 180 Pac. 922 (1919); *In re Foster's Estate,* 139 Wash. 224, 246 Pac. 290 (1926).

■ Appellant sets out several other assignments of error but he neglects to argue or discuss them in his brief. Rule on Appeal 42 (1) (f), RCW Vol. 0, provides that:

"Each error relied on shall be clearly pointed out and discussed under appropriately designated headings. . . ."

We have held that assignments of error not argued are waived. See *Deer Park Pine Industry v. Stevens County,* 46 Wn. (2d) 852, 286 P. (2d) 98 (1955); *Winslow v. Mell,* 48 Wn. (2d) 581, 295 P. (2d) 319 (1956), and cases cited; *State v. Williams,* 49 Wn. (2d) 354, 301 P. (2d) 769 (1956).

For the foregoing reasons the judgment of the trial court is hereby affirmed.

WEAVER, C. J., MALLERY, FINLEY, and OTT, JJ., concur.