# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WILLIAM and ARACEL McNEFF, husband and wife, and the marital community comprised thereof, | No. 46380-6-II |
| Respondents, | UNPUBLISHED OPINION |
| v. | |
| MARIA JOYCE, | |
| Appellant. | |

BJORGEN, C.J. — Maria Joyce appeals the trial court's order quieting title in property located at 133 Loop Road in Grays River, Washington to William and Aracel McNeff with an 87.5 percent majority interest, leaving Joyce with a 6.25 percent interest.

Joyce argues that the trial court should have allowed her claims for adverse possession under RCW 7.28.070 and RCW 4.16.020 to establish that she owns the 133 Loop Road property in its entirety. The McNeffs argue that they are entitled to attorney fees and costs pursuant to RAP 18.1 and 18.9(a) because this appeal is frivolous.

We hold that Joyce waived her adverse possession claims under RAP 2.5(a) because she only raised these claims for the first time on appeal, failed to bring these claims in her pleadings, and represented to the trial court that she was not bringing any adverse possession claim. Furthermore, because this appeal was so lacking in merit that there was no possibility of reversal, attorney fees and costs to the McNeffs are appropriate. Accordingly, we affirm the judgment below and award attorney fees and costs to the McNeffs.

FACTS

Harold and Hazel Badger[1] acquired the property located on 133 Loop Road in Grays River, Washington by real estate contract. Hazel passed away, leaving the property solely in Harold's name. Harold then passed away without a will, leaving each of his four sons one-fourth of the property through intestate succession. The three oldest sons' interests were conveyed to the McNeffs.

The youngest son, Marvin Badger, was married to ShirLee Badger,[2] who was appellant Joyce's mother. Marvin also died without a will, and his one-fourth property interest in 133 Loop Road passed half to his four biological children and half to ShirLee. Marvin's biological children conveyed their total 12.5 percent interest in the property to the McNeffs, leaving the McNeffs with an 87.5 percent property interest in 133 Loop Road. ShirLee eventually died and left an invalid will. Her 12.5 percent property interest in the property passed through intestacy,

---

[1] We refer to some family members by their first name to avoid confusion throughout this opinion. No disrespect is intended.

[2] According to the record, Joyce stated that her mother's first name is Virginia, but she goes by ShirLee.

leaving Joyce with 6.25 percent and ShirLee's other daughter with 6.25 percent.

After a bench trial, where Joyce represented herself, the trial court entered findings of fact and conclusions of law and quieted title as described above. Because the findings of fact are unchallenged, we consider them as verities. *Casterline v. Roberts*, 168 Wn. App. 376, 381, 284 P.3d 743 (2012). Joyce appeals.

ANALYSIS

I. WAIVER OF ADVERSE POSSESSION CLAIMS

Joyce argues that the trial court should have considered her adverse possession claims under RCW 7.28.070 and RCW 4.16.020 in determining her property interest in 133 Loop Road. Because she raised these claims for the first time on appeal, failed to raise these issues in her pleadings, and represented to the trial court that she was not bringing any adverse possession claim, we hold that these claims are waived.

With exceptions not relevant to this appeal, we "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). The purpose of this rule is to afford the trial court an opportunity to correct errors, which avoids unnecessary appeals and retrials. *In re Structured Settlement Payment Rights of Rapid Settlements, Ltd.*, 166 Wn. App. 683, 695, 271 P.3d 925 (2012). Generally, "an argument neither pleaded nor argued to the trial court cannot be raised for the first time on appeal." *Wash. Fed. Sav. v. Klein*, 177 Wn. App. 22, 29, 311 P.3d 53 (2013), *review denied*, 179 Wn.2d 1019 (2014).

Here, Joyce did not raise adverse possession in her answer as a counter claim or affirmative defense to the McNeff's quiet title action. Although she provided evidence at trial

3

that may have supported an adverse possession theory, the trial court asked her if she was claiming adverse possession, and she stated that she was not. Instead, Joyce's theory for ownership of the property was that Harold had passed the property to Marvin and ShirLee only, and upon ShirLee's passing, her will provided that the property go to Joyce. However, the trial court's unchallenged findings of fact and conclusions of law determined that she was only in possession of a 6.25 percent interest in the 133 Loop Road property based on the process of intestacy after Harold died.

Joyce argues that she in fact pled all of the elements of adverse possession, but simply did not call it that until presentation of the findings of fact and conclusions of law. Even assuming that she did raise her adverse possession claims at this presentation stage,[3] Joyce's representation of her claims during the trial was that she was not claiming adverse possession. After Joyce testified to facts that may have supported an adverse possession claim, specifically that ShirLee paid the taxes for another 10 years after Marvin died, the following exchange with the court occurred:

> COURT: I thought you're not claiming adverse possession, though.
> JOYCE: I'm not.
> COURT: Okay. So what am I supposed to – how am I supposed to consider the tax being – paying the taxes if – because you said it's not an adverse possession. Your mom had quiet title and all that – or quiet enjoyment, that kind of thing, and that's fine. I just want to make sure you said you're not claiming adverse possession.
> JOYCE: I'm not.

Report of Proceedings at 122-23. With these categorical statements that she was not claiming adverse possession, Joyce's testifying to facts that may have shown adverse possession cannot be

---

[3] This assumption comes with some hesitation, though, since we have no record of what was said at presentation, but only a docket sheet, which does not indicate that she made any argument related to the adverse possession claims.

taken to have raised the claim. Furthermore, even if Joyce had brought her adverse possession claims up at presentation, it would have been after trial and thus still too late to litigate any adverse possession claim.

Joyce also argues that adverse possession is a complicated legal issue and "as a non-lawyer she answered truthfully, but her answer should not be read to be a knowing waiver." Reply Br. of Appellant at 1. Although we sympathize with Joyce's position in failing to understand all the legal terminology, she, as a pro se litigant, "is bound by the same rules of procedure and substantive law as everyone else." *Bly v. Henry*, 28 Wn. App. 469, 471, 624 P.2d 717 (1980). This doctrine may seem harsh, but is necessary to achieve fairness to both parties that must navigate and decipher the same legal doctrines and procedural complexities of our legal system. If Joyce were allowed to argue her new adverse possession theory on appeal, it would set precedent for litigation to continue indefinitely, where litigants could bring up new claims at each subsequent appeal. In addition, even if we were inclined to reach the merits, the record would be insufficient to consider heavily fact-dependent issues in determining whether the adverse possession claims would have been successful. Furthermore, we would be depriving the McNeffs an opportunity to present evidence to contradict Joyce's new claims. Because Joyce failed to plead the adverse possession claims in her answer and affirmatively waived the issue during trial, we decline to review these claims for the first time on appeal. RAP 2.5(a).[4]

---

[4] Joyce also argues that because she is a "tenant in common, she has the right to occupy the property and no obligation to pay rent." Reply Br. of Appellant at 1. We first note that an issue "raised and argued for the first time in a reply brief is too late to warrant consideration." *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Even if we were to address her contention, the claim would fail. The case she cites, *Fulton v. Fulton*, 57 Wn.2d 331, 335-36, 357 P.2d 169 (1960), states that "*[a]bsent ouster or exclusion of one cotenant by the other from free access to the common property*, there can be no liability between cotenants for rental value of portions of the premises occupied by either." (Emphasis added.) The rent payment assessed on Joyce was based on her occupying 133 Loop Road, excluding the

## II. ATTORNEY FEES[5]

The McNeffs ask for attorney fees and costs pursuant to RAP 18.1 and 18.9(a). "'A party may recover attorney fees and costs on appeal when granted by applicable law.'" *Pruitt v. Douglas County*, 116 Wn. App. 547, 560, 66 P.3d 1111 (2003) (quoting *Or. Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 418, 36 P.3d 1065 (2001)); RAP 18.1. The McNeffs argue that Joyce's appeal was frivolous, and RAP 18.9(a) allows this court to "order a party . . . who . . . files a frivolous appeal . . . to pay terms or compensatory damages." "An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." *Eagle Sys., Inc. v. Emp't Sec. Dep't*, 181 Wn. App. 455, 462, 326 P.3d 764 (2014).

Here, because Joyce unequivocally waived her claims to adverse possession at the trial court level, we deem this appeal frivolous. Accordingly, we award attorney fees and costs to the McNeffs.

---

McNeffs from access to the property. Therefore, the *Fulton* rule allows the collection of rent for the time period when the McNeffs had a property interest in 133 Loop Road and Joyce excluded them from occupying the property.

[5] Joyce requests attorney fees and costs under RCW 7.28.083(3). However, because we do not reach the merits of the adverse possession claims, we deny this request.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Bjorgen, C.J.
_____
BJORGEN, C.J.

We concur:

Worswick, J.
_____
WORSWICK, J.

Lee, J.
_____
LEE, J.