[No. 32078. Department One. October 30, 1952.]

ROGER SHIELDS, *Appellant,* v. ROBERT H. PAARMANN *et al., Respondents.*

VIOLET SIEMERING, *a Minor, by Charles Siemering, her Guardian ad Litem, Appellant,* v. ROBERT H. PAARMANN *et al., Respondents.*[1]

[1]Reported in 249 P. (2d) 377.

*Fred T. Smart,* for appellants.

*William J. Madden* (of *Bayley, Fite, Westberg, Madden & Goodin*), for respondents.

MALLERY, J.—The plaintiffs had attended a wedding in Seattle on August 4, 1950. The bride and groom left by automobile afterwards. These plaintiffs and one Lila Lehman got into the front seat of a 1940 Buick with the driver, Owen Pettit. He undertook to catch the bridal couple. Some witnesses estimated the speed of the pursuing car as high as sixty miles an hour. One witness testified:

"I heard these cars—these two cars—or it could have been the one car twice—I don't know—and I could tell that it was a wedding car by the noise and the bells and the tin cans, or whatever it was that was making the noise, and it just crossed my mind that they were going to end up in the morgue instead of a wedding. . . . It was just as I was closing the door that I heard this car 'swoosh' by on First Northeast. . . ."

In any event, at about 10:30 p. m. the defendants' station wagon collided with the Buick, which had the right of way, at the intersection of east 60th street and First avenue northeast. The driver of the Buick was killed.

An action was brought on behalf of the deceased driver. Separate actions were brought by Roger Shields and the guardian *ad litem* of Violet Siemering. The three causes of action were consolidated for trial before a jury, which returned a verdict for the defendants. No appeal was taken on behalf of the deceased driver. Plaintiffs Roger Shields and Violet Siemering's guardian *ad litem* appeal.

They make two assignments of error. The first is that the trial court erred in refusing to give their requested instruction No. 10, which reads:

"You are instructed that the defendant, Robert E. Paarmann, is guilty of negligence as a matter of law."

While it would have been proper for the trial court to have given this requested instruction, it was not error to refuse to do so because, in another instruction, the trial court adequately defined the law pertaining to the right of way at the intersection. No exception was taken to the instruction, nor is it now suggested that it is either inadequate or erroneous. The jury was, therefore, properly instructed, though in different language than that requested by the plaintiffs.

There is another reason why this assignment is without merit. The plaintiffs excepted to the trial court's failure to give their requested instruction No. 10, in this language:

"I will except—I do not have the number of this instruction, but I except to the failure to give the instruction requested by the Plaintiffs which reads:

" 'You are instructed that the defendant, Robert H. Paarmann, is guilty of negligence as a matter of law,' and I simply would like to refer you to the cases of Martin vs. Hadenfeldt, 157 Wash. [563] and Plenderlieth vs. McGuire, 27 Wash. [27 Wn. (2d) 841] as the basis for my exception."

There is nothing in this language or in these cases which remotely suggests the nature of the plaintiffs' contentions now made upon the appeal. In the language of Rule 10, Pleading, Practice and Procedure, 34A Wn. (2d) 75, it is necessary that counsel in his exceptions to instructions given or refused be "sufficiently specific to apprise the judge of the points of law or questions of fact in dispute" upon which they are based.

In *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659, we said:

"The importance of these rules of practice, which we have held to be mandatory and not directory, is apparent. Their purpose is to give to the trial court the benefit of the study and research of counsel, and to advise the trial court of the

contentions of the respective parties as to the law or the facts, at a time when the court can, if it so desire, correct any error which it may feel it has made in its instructions."

The plaintiffs contend, in their second assignment of error, that the trial court erred in failing to give their requested instruction No. 7, which reads:

"In determining the speed of an automobile involved in a collision, the relative position of the cars at the moment of impact, the other questions in connection therewith, you may take into consideration the nature and violence of the impact, the resultant damage to the automobiles, and the positions of the cars after the collision, along with the other evidence in the case."

Again we say this is a correct instruction and one the trial court could properly have given. On the other hand, it was not error to refuse to give it because the element of speed was adequately treated in another instruction. Moreover, counsel for plaintiffs, in excepting to the trial court's refusal to give the instruction, said:

"It should have been given because it is a fair statement of the law. The Supreme Court has passed on that, that you can take into consideration all of those factors. THE COURT: I think you can. MR. HERREN: It is not too important here."

We can agree with counsel that the instruction "is not too important here." Indeed, it is of no importance at all. But regardless of that, we would refuse to consider the assignment for the reason that counsel's language invited the trial court, which agreed with counsel, to ignore this exception.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.