[No. 32345.   Department One.   August 11, 1953.]

BERNARD L. RALSTON, *Appellant,* v. LYNFORD R. VESSEY
*et al., Respondents.*[1]

[1]Reported in 260 P. (2d) 324.

*James E. Duree* and *Fred M. Bond,* for appellant.

*Donley & Ingram* and *Donn F. Lawwill,* for respondents.

OLSON, J.—Plaintiff has appealed from the judgment entered on a verdict for defendants, in his action to recover for injuries sustained in an automobile accident. His principal assignments of error involve certain instructions to the jury, so we need not make more than the following brief statement of the facts.

Plaintiff noticed that the left rear tire on his automobile was getting soft as he was driving in an easterly direction on state highway No. 410, where it is also known as Wishkah street, in Aberdeen, Washington. The tire was not deflated completely, and he continued to drive about eight hundred feet before he stopped to change it. Throughout this distance, on the south side of the highway, there is a sloping curb forming a shallow gutter between the edge of the pavement and a gravel-surfaced railroad bed. This roadbed is built so that its surface is level with the top of the curb and of both rails, outside of and between the rails. It is 12.5 feet wide, and it is about 4.5 feet from the curb to the nearer rail at the point where plaintiff parked to change the tire.

He testified that he stopped his car off the paved portion

of the road, on his right-hand side, with only its left wheels in the gutter, but there was other evidence that his car was parked with all of its wheels on the pavement. When he was at the rear of his car putting the deflated tire in the trunk, he was struck by defendants' car. These events occurred about one o'clock on a morning when there was a heavy mist in the air.

The court gave its instruction No. 6 upon, and in the language of, the statute regarding the parking of vehicles on a public highway. RCW 46.48.290 [cf. Rem. Rev. Stat., Vol. 7A, § 6360-110]. Because no exception was taken to this instruction, it states the law of this case. *State v. Hall,* 41 Wn. (2d) 446, 451, 249 P. (2d) 769 (1952), and case cited.

Instruction No. 6½, which plaintiff asserts is erroneous in part, is but an application of that law to the issues of fact before the jury. It is too late now for plaintiff to assert that the court should have instructed upon the theory that, because this accident occurred in the city of Aberdeen, the statutory law stated in instruction No. 6 is not applicable. He not only requested an instruction upon this phase of the statutory law, but he also did not except to the instruction given on that subject. He cannot be successful in this court upon a theory not presented to or considered by the trial court. *Muck v. Snohomish County Public Utility Dist. No. 1,* 41 Wn. (2d) 81, 88, 247 P. (2d) 233 (1952), and cases cited. This rule forecloses our further consideration of the assignment of error upon instruction No. 6½, and also makes it unnecessary to consider plaintiff's contention that the court erred in failing to take judicial notice of the fact that the site of the accident was within the limits of the city of Aberdeen.

Plaintiff also complains of a portion of an instruction given as No. 14. This instruction dealt with the duty of defendant driver to look ahead and see objects on the highway. It was given in the language requested by plaintiff, except for the addition of the phrase, "legally on the highway," appearing in the following paragraph:

"You are instructed that a driver of an automobile has no right to assume that the road is clear, but under all circum-

stances and at all times he must be vigilant and must anticipate the presence of others legally on the highway. The fact that he did not know that anyone was on the highway is no excuse for conduct which would have amounted to carelessness if he had known that another vehicle or person was on the highway."

The added language is consistent with another instruction requested by plaintiff, given as No. 13 and reading as follows:

"The court instructs you that the driver of an automobile upon a street or highway of this state, has a right to presume that all other persons using the street or highway will conform to the laws of the State of Washington, and has the right to act thereon until it otherwise appears."

In view of plaintiff's theory, expressed in his requested instructions, and considering the instructions as a whole, there is no error in instruction No. 14 in this case.

■ Considering plaintiff's next assignment of error, we find that, by unchallenged instructions Nos. 7 and 20, which express the law of this case, a pedestrian is defined to include every person walking or standing upon a public highway, regardless of what that person is doing. These instructions were applicable to the issues, and there is ample evidence to support a finding that plaintiff was within this definition when he was injured. *Bergstrom v. Ove,* 39 Wn. (2d) 78, 86, 234 P. (2d) 548 (1951), and cases cited; *Myers v. West Coast Fast Freight,* 42 Wn. (2d) 524, 527, 256 P. (2d) 840 (1953).

■ The opening paragraph of instruction No. 22 gave defendants' vehicle the right of way over plaintiff, if the jury found that he was within the definition of a pedestrian. Plaintiff contends that the words, "greater degree of care," were erroneously used in the following portion of the second paragraph of this instruction:

"You are further instructed that a pedestrian who is standing or walking on the highway between intersections and at a point other than on a crosswalk has imposed upon him a greater degree of care because of the right of way given to vehicles . . ."

The instruction concluded with language, to which no exception was taken, imposing the duty upon plaintiff, if found to be a pedestrian, to maintain a constant lookout to avoid danger.

In *Beireis v. Leslie*, 35 Wn. (2d) 554, 568-570, 214 P. (2d) 194 (1950), we approved the language to which plaintiff excepts, when used in the same context in which it was used here. The questioned instruction is applicable to the issues in this case. It was necessary for the court to give it because of the other instructions given in compliance with plaintiff's theory, expressed in his requests.

■ The remainder of plaintiff's assignment of error directed to this instruction is beyond the scope of his exception to it in the trial court, and cannot be considered. *Shields v. Paarmann*, 41 Wn. (2d) 423, 425, 249 P. (2d) 377 (1952); Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75.

■ Evidence was introduced by defendants upon the locations of driveways to service stations and other similar areas adjacent to the highway, into which plaintiff could have driven to park his car entirely off the pavement while he changed the tire. Plaintiff contends that the admission of this evidence was error because he was not required to exhaust all possibilities for parking off the highway, and that it was not his duty to become a trespasser. He asserts that his only duty was to do what a reasonable and prudent man would do under the circumstances.

Plaintiff's car was not disabled suddenly. He drove about eight hundred feet after he noticed that the tire was soft, and it was not deflated completely when he finally stopped. From the exhibits introduced by plaintiff, showing the nature of the area bordering the street throughout this distance, the jury could have found that it would have been possible for him to have parked the vehicle "off of the road or improved or main traveled portion of such highway," as he was obliged to do by the law of this case expressed in instruction No. 6. The evidence in question also was material and relevant to this issue, and there was no error in its admission.

The last assignment of error is directed to a portion of the argument to the jury by defendants' counsel, in which he directed the attention of an individual juror to that juror's familiarity with the scene of the accident. Even though counsel by the questioned statement did not attempt to impeach the undisputed evidence, this practice is not commendable. But, in this instance, the remark was not so inflammatory and prejudicial that an instruction could not have removed any injurious effect it might have had. Consequently, in the absence of an objection and request for a corrective instruction at the time the incident occurred, it cannot be urged successfully as a ground for a new trial. *McUne v. Fuqua*, 42 Wn. (2d) 65, 79, 253 P. (2d) 632 (1953).

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

[1]Reported in 260 P. (2d) 318.