[No. 32876. Department Two. December 30, 1954.]

LAMBERT S. PETERSON *et al., Respondent,* v. KING COUNTY, *Appellant.*[1]

[1] Reported in 278 P. (2d) 774.

*Charles O. Carroll* and *Paul C. Gibbs,* for appellant.

*Guttormsen, Scholfield, Willits & Ager,* for respondents.

WEAVER, J.—Defendant, King county, appeals from a judgment entered against it after verdict of a jury.

Interrogatories submitted to the jury disclose that an allowance was made (a) for "the reasonable cost of repairing the damage to plaintiffs' property" as the result of an earth slide; and (b) for "the depreciation in the market value of plaintiffs' property."

Plaintiffs' property is at the bottom of a steep slope. In 1942, the county built a road across the top of the slope and, in doing so, made a fill about ten feet high and installed a drainage system. A bulkhead was built directly above plaintiffs' property and filled with gravel and rock.

In 1948, some of the pilings supporting the bulkhead rotted, and the county drove new pilings but did not remove the rotted ones. During a heavy rain February 9, 1951, the drainage system failed, water accumulated on the road, and the slide resulted. In *Peterson v. King County,* 41 Wn. (2d) 907, 913, 252 P. (2d) 797 (1953) (a former opinion in this case to which we refer for more complete facts), we said:

"It was only when the drainage system allegedly became clogged, and when the bulkhead allegedly became in a state of disrepair, that the slide occurred. In other words, the damage was caused, not by the construction of the road, but by the alleged negligence of the county in failing to properly maintain the safeguards it had provided."

When the case was returned for a new trial, defendant moved to strike certain paragraphs of the complaint. The trial court struck one paragraph, in accordance with our prior opinion, but refused to strike the remaining paragraphs against which the motion was directed.

The paragraphs, which the court refused to strike, alleged that defendant failed "to repair or replace the said

bulkhead in order to stop the flow of water, rocks and debris; . . . thus leaving plaintiffs exposed to further damage and constant danger through slides, rolling rocks, and excess drainage;" that the condition of the bulkhead is such that plaintiffs are deprived of direct access to their property, which deprivation will continue until the bulkhead and drainage system are repaired; and that, by reason thereof, the fair cash market value of the property has depreciated. (Almost three years elapsed between the date of the slide and the second trial.)

Plaintiffs prayed for damages: (1) to the real property, caused by the slide; and (2) for the "depreciation in the fair market value of" the property.

Plaintiffs resisted the motion to strike on the ground that the paragraphs defendant sought to strike were necessary to state a cause of action based upon the theory of nuisance.

All of defendant's assignments of error are argued under one heading—that the trial court erred when it denied the motion to strike; when it permitted the introduction of evidence pertaining to the theory of nuisance; and when it gave certain instructions on the theory of nuisance.

 It is not fatal that the complaint does not use the word "nuisance;" for the true nature of a cause of action, stated in a complaint, must be determined by its allegations and the evidence offered in support of its prayer for relief. *Hein v. Chrysler Corp., ante* p. 586, 277 P. (2d) 708 (1954).

In their brief, plaintiffs admit that the complaint probably was subject to a motion to separately state two different causes of action, because it is apparent that the complaint alleges two separate wrongs, for each of which plaintiffs ask damages. The two separate wrongs are (1) the negligence of defendant "in failing to properly maintain the safeguards it had provided," which resulted in the slide, and (2) the invasion of their right to the use and enjoyment of their lands, resulting from the condition of the bulkhead after the slide.

 The fallacy underlying all of defendant's arguments, as we view them, is the failure to recognize that the alleged

existence of a nuisance refers to the interests invaded, and not to any particular kind of conduct which has led to the invasion. Facts establishing the existence of a nuisance may be alleged independent of allegations of negligence. The allegation of facts establishing negligence does not foreclose the allegation of facts establishing a resultant nuisance, for it is, of course, possible for the same act to constitute negligence and also give rise to a nuisance. *Kilbourn v. Seattle,* 43 Wn. (2d) 373, 382, 261 P. (2d) 407 (1953).

"The attempt frequently made to distinguish between nuisance and negligence, for example, is based on a mistaken emphasis upon what the defendant has done rather than the result which has followed, and overlooks the well established fact that negligence is merely one type of conduct which may give rise to a nuisance." Prosser, Torts, 553 (1941).

■ A complaint states a cause of action, on the theory of nuisance, when it alleges tortious conduct, whether intentional, negligent, reckless, wanton, or ultrahazardous, which substantially invades the interest of the complainant in the use and enjoyment of his land. 4 Restatement, Torts, 215-225 (1939); Prosser, Torts, 549-565 (1941).

In this state, the interest in land protected from tortious conduct, under the theory of nuisance, is defined by statute.

"The obstruction of any highway, or the closing of the channel of any stream used for boating or rafting logs, lumber, or timber, or whatever is injurious to health, or indecent, or offensive to the senses, *or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of life and property, is a nuisance, and the subject of an action for damages and other further relief.*" (Italics ours.) RCW 7.48.010.

"Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures, or endangers the comfort, repose, health, or safety of others; offends decency; unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any lake, or navigable river, bay, stream, canal, or basin, or any public park, square, street, or highway; *or in any way renders other persons insecure in life, or in the use of property.*" (Italics ours.) RCW 7.48.120.

This case does not fall into that category of cases we have described previously as "transmutation of what are clearly negligence cases into nuisance cases." *Kilbourn v. Seattle, supra.*

■ It would have clarified the problem, both for the trial court and for us, had plaintiff separately stated the two causes of action. However, we conclude, from a careful reading of the complaint, that it contains sufficient allegation of fact to constitute a cause of action for damages for a nuisance under our statutes.

Whether a nuisance existed became a question of fact for the jury. It was not error for the trial court to submit that question to it, under proper instructions.

The trial court instructed the jury:

"In fixing the amount of the award, if any, in this case, you should take into account the depreciation, if any, in the fair market value of plaintiffs' real estate, proximately caused by the present condition of the roadway, fill and bulkhead in question."

To this instruction, the defendant took exception,

". . . upon the ground that it is upon a cause of action, namely, nuisance, which is not properly within the issues and frame of this case."

Defendant argues, for the first time in its brief and oral argument on appeal, that the rule for the *measure* of damages set forth in the quoted instruction is incorrect.

■ It is not necessary that we either approve or disapprove the rule announced in the instruction, because defendant's assignment of error and argument in support thereof are beyond the scope of the exception to the instruction taken in the trial court. The exception did not call the trial court's attention to the rule of damages now advocated by defendant. Rule 10, Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 75; *Ralston v. Vessey,* 43 Wn. (2d) 76, 80, 260 P. (2d) 324 (1953); *Franks v. Department of Labor & Industries,* 35 Wn. (2d) 763, 768, 215 P. (2d) 416 (1950), and cases cited.

The instruction, as given, must remain the law of the

case. See *Riblet v. Spokane-Portland Cement Co., ante* p. 346, 274 P. (2d) 574 (1954).

The judgment is affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.

