[No. 33271. Department One. December 1, 1955.]

EDWIN LUNZ, *Respondent*, v. EDWIN L. NEUMAN *et al.*, *Appellants.*[1]

[1]Reported in 290 P. (2d) 697.

*Medley & Haugland* and *Dale E. Sherrow*, for appellants.

*Max R. Nicolai*, for respondent.

OTT, J.—This is an appeal from an order granting a new trial in an action for slander. The jury found for the defendants. The court granted plaintiff a new trial upon the following grounds: (1) Error in giving an instruction on qualified privilege, and (2) that substantial justice was denied when Mr. and Mrs. Charles Savage were permitted to testify at the trial.

Appellants contend that there was sufficient evidence to merit giving the questioned instruction; hence, it was error to grant a new trial upon the first ground. They further contend that permitting the two witnesses to testify, under the circumstances of this case, did not in any manner prejudice the respondent, or prevent substantial justice, and that it was error to grant a new trial upon the second ground.

The questioned instruction referred to in the court's order reads as follows:

Instruction No. 10: "The term 'privileged' has been referred to as an affirmative defense set up by defendant Edwin L. Neuman in his answer.

"A communication may be either privileged or qualified privileged. The rule of qualified privileges is this: Where the statement is made touching a matter in which the party making it has an interest to another having a corresponding

interest or representing one having a corresponding interest, it is privileged if made in good faith and without malice. In such cases, actual malice and lack of good faith must be proven by the plaintiff by a preponderance of the evidence. Communications within the privilege are not actionable because they are false and defamatory, but express malice must be proved by the plaintiff by a preponderance of the evidence.

"You are instructed that if you find the communications and words of which plaintiff complains were spoken to the witnesses Rogstad and MacArthur under the circumstances above set out, they would be what the law terms 'qualified privileged.'"

There is no contention that the questioned instruction does not properly express the law. The court granted a new trial for the stated reason "that said instruction was erroneous as a matter of law under the facts developed by the evidence."

▉ The respondent, in his brief and oral argument, contended that privilege or qualified privilege was not pleaded.

Paragraph No. 1 of the affirmative defense reads, in part, as follows:

". . . the said words and statements . . . were made under such circumstances that they were privileged and were not prejudicial or detrimental to the plaintiff."

Paragraph No. 2 of the affirmative defense states, in part:

". . . that the said plaintiff, by his acts and conduct, solicited statements to be made of him; . . ."

In the reply, these allegations were denied. We find no merit in respondent's contention that the pleadings did not raise the issue of privilege and qualified privilege.

Was there sufficient evidence to merit the giving of the questioned instruction? There was circumstantial evidence which, if believed by the jury, established the following: That, when the respondent was questioned as to the alleged shortages, he voluntarily quit; that he left appellants' store with Rogstad; that they had engaged in conversation; that Rogstad, knowing of the circumstances under which the respondent had quit his employment, returned to the store

the next day to inquire where respondent was; that he pressed the conversation concerning respondent's voluntary termination of his employment and elicited the statement from appellant Edwin Neuman which gave rise to this cause of action; that Rogstad talked freely with respondent's attorney and took an apparent personal interest in the trial, and that he was evasive in his answers upon cross-examination, when called as a witness for respondent. This evidence raised an inference from which the jury could well have found that Rogstad had an interest in respondent's cause of action, in that he had solicited the statements for the purpose of communicating them to the respondent so that an action for slander could be instituted thereon.

Although the evidence admittedly is circumstantial, in *Smith v. Leber*, 34 Wn. (2d) 611, 619, 209 P. (2d) 297 (1949), we said:

"Circumstantial evidence is often the most satisfactory in the ascertainment of a fact and is quite as conclusive in its convincing power as is direct evidence. [Citing cases.]"

Each party is entitled to have his theory of the case presented to the jury by proper instructions, if there is any evidence to support the theory. *Allen v. Hart*, 32 Wn. (2d) 173, 176, 201 P. (2d) 145 (1948). We hold that the pleadings put the qualified privilege theory in issue, and that the evidence in support thereof merited the giving of the instruction by the court. Hence, it was error for the court to grant a new trial upon this ground.

Was the respondent denied substantial justice when the court permitted Mr. and Mrs. Charles Savage to testify? The respondent previously had interviewed Mr. Savage as a prospective witness while preparing his case for trial. It was during the trial that the appellants first learned of Mr. and Mrs. Savage as possible witnesses who would furnish evidence favorable to them. When appellants called the Savages as witnesses on Monday, November 1st, respondent objected, giving as his reason that their names had not been furnished as possible witnesses for appellants at the time of taking the discovery deposition. There was no showing that

appellants knew of the witnesses at the time mentioned. At the court's suggestion, respondent's counsel interviewed Mrs. Savage alone in the court's chambers. After the interview, respondent adhered to his objection. The testimony of the witnesses then was excluded.

The appellants, before resting their case in the afternoon of November 1st, asked the court to reconsider its ruling excluding the Savages' testimony, and renewed their offer of proof. The court deferred a further ruling thereon until Wednesday, November 3rd. The appellants then rested their case, subject to the court's further ruling.

Respondent thereupon proceeded with his rebuttal testimony, calling two rebuttal witnesses prior to that day's adjournment. At 9:30 a. m., November 3rd, the court permitted appellants to reopen their case and allowed Mr. and Mrs. Savage to testify. The respondent did not renew his objection to the admission of their testimony. Thereafter, respondent continued with rebuttal testimony which controverted the testimony of the Savages.

■ Did the court err, under these facts, in permitting the testimony? We think not. There was no surprise. The respondent knew of the witnesses and the nature of their testimony. There was no showing that appellants knew of them prior to October 29th. After respondent had made the objection, the trial court granted him the right to interview Mrs. Savage, the only one of the proposed witnesses he had not interviewed previously. This privilege was exercised. There was no showing that the testimony the Savages gave caused the respondent to be deceived in any manner. There was no motion for a continuance, and no showing that the evidence could have been further controverted by witnesses other than the respondent and his wife, or that respondent was prejudiced because of insufficient time to controvert the evidence. It was not error to permit the Savages to testify.

■ Respondent contends that the challenged testimony was incompetent, irrelevant, and immaterial. The challenged testimony was to the effect that, during the time

in question, these witnesses had seen the respondent and his wife take groceries from appellants' store without ringing up the sale or leaving a charge slip. This testimony was *material* in establishing the truth of the accusations, it was *relevant* as tending to establish a willful taking of the property of another, and it was *competent* because the witnesses stated that they saw the alleged conduct of respondent.

At the trial, counsel for respondent objected to the testimony for the further reason that exact dates were not established. In this regard, the court permitted the testimony, over objection, when the witnesses fixed the time as definitely as they could within the period in question.

In rebuttal, the respondent testified that there never was an occasion at any time when groceries were taken by him or his wife without paying for them or sending a charge slip to the office.

We find no merit in respondent's challenge to the testimony.

■■ The trial court, in granting the motion for a new trial upon the ground that substantial justice was not done, gave as its reasons those above discussed, which we have found do not support such a conclusion. This court has said that, when a new trial is granted upon the ground that substantial justice was not done, we will assume that the reasons, if not stated, will be found in the record. *McUne v. Fuqua,* 45 Wn. (2d) 650, 651, 277 P. (2d) 324 (1954). We have examined the record and find no error which would sustain a finding that substantial justice was not afforded the litigants herein.

The trial court erred in granting a new trial upon this ground.

Finally, does the record support an order granting a new trial upon any of the grounds stated in respondent's motion?

Respondent contends that the other grounds upon which a new trial could be predicated were the allegedly erroneous giving of instructions Nos. 11, 11½, 12, and 14, and the court's refusal to give certain requested instructions.

With reference to instruction No. 11, what has been said regarding the sufficiency of the evidence to support instruction No. 10 applies to this instruction.

Instruction No. 11½ was excepted to as an incorrect statement of the law, and as improper under the facts of this case for the reason that respondent suffered damage because, when applying for employment, he was obligated to disclose the circumstances under which his previous employment was terminated. The instruction concerned the dissemination by respondent of the accusations alleged to have been made by appellants to him, and informed the jury that for such dissemination no damages were allowable.

 The exception, ". . . it is not a correct statement of the law," was not sufficient to comply with the rule. Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, states:

"Exceptions to a charge to a jury . . . shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute."

In construing this rule, we have said that a general exception is not sufficient. *Glick v. Ropes,* 18 Wn. (2d) 260, 272, 138 P. (2d) 858 (1943), and cases cited. Since the exception was insufficient, the instruction became the law of the case. *Peterson v. King County,* 45 Wn. (2d) 860, 864, 278 P. (2d) 774 (1954).

 Was there sufficient evidence to merit submitting this instruction to the jury? In this regard, the respondent testified that he was required to disseminate the alleged accusations in making application for other employment, even though, according to his testimony, they were false. The rule is well settled that a slander or libel is not published by the communication thereof to the defamed person alone. 3 Restatement, Torts, 192, § 577, comment b; *Lyon v. Lash,* 74 Kan. 745, 747, 88 Pac. 262 (1906). If respondent's statements in his applications for employment contained defamatory information, the publication of the defamatory

statements was accomplished by the respondent. Hence, appellants were not liable.

Instructions Nos. 12 and 14, and respondent's requested instructions Nos. 2, 15, 17, and 18, all relate to damages and the measure thereof. Since the jury found for the appellants, and since we are reversing the order granting a new trial, we do not reach the questions raised relating to damages.

The order is reversed, and the cause remanded with instructions to enter judgment in accordance with the verdict of the jury.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

January 23, 1956. Petition for rehearing denied.

