[No. 34301.    Department Two.    October 17, 1957.]

FRANCES TRAVERSO, *Respondent,* v. DONALD R. PUPO *et al., Appellants.*[1]

[1]Reported in 316 P. (2d) 462.

*Morrissey, Hedrick & Dunham* and *John E. Hedrick,* for appellants.

*Chavelle & Millard* and *Howard P. Pruzan,* for respondent.

OTT, J.—Donald R. Pupo and his wife are the owners and operators of a restaurant. Frances Traverso, a divorcee, was employed elsewhere as a waitress in a cocktail lounge. Mr. Pupo became acquainted with her on an occasion when he was a patron in the lounge. Thereafter, over an extended period of time, they met after her working hours and partook of coffee, drinks, or dinner at various places.

January 19, 1956, Pupo arranged for a dinner engagement with Mrs. Traverso. He met her at her home about nine p. m., and they drove to several cocktail lounges. They drank intoxicating liquor at each such place, but did not eat any food. At approximately three a. m., they left the Stork Club and, while driving to Mrs. Traverso's home, the automobile struck a concrete traffic island. Mrs. Traverso was seriously injured.

She commenced this action for damages against Pupo and his wife, alleging that Pupo was negligent while operating the automobile, and that she was an occupant of the automobile because Pupo was attempting to persuade her to accept employment in his restaurant. Pupo answered, denying the allegations of negligence and alleging that Mrs. Traverso was driving the automobile at the time of the accident; that her damages were the result of her own negligence, and that she was an invited guest in his automobile and was guilty of contributory negligence.

The cause was tried to a jury. Mrs. Traverso testified that the venture that evening was solely for business, while Pupo contended that it was for sociability and friendship. Pupo testified that Mrs. Traverso was driving his automobile at the time of the accident. Two witnesses who saw the

automobile in operation only seconds before the accident stated that a man was driving the car. The investigating police officers, who were present shortly after the accident, testified that they found Mrs. Traverso lying unconscious on the floor in front of the front seat; that the right-front door was crushed so that it could not be manually opened, and that the left-front door was open and Pupo was sitting on the pavement, leaning against the left-front fender of the automobile. Mrs. Traverso testified that, as a result of the impact, she suffered retrograde amnesia and could not remember anything that happened that evening after they visited the first cocktail lounge.

There was no testimony by any witness that Pupo appeared to be intoxicated or affected by the use of intoxicating liquor. In his pretrial deposition, Pupo stated that he "wasn't drunk . . . I was capable of driving the car." At the trial, he testified that, although he was not intoxicated, he felt that he should not drive the automobile. The determination of the weight to be given his testimony was for the jury.

The jury were instructed upon the several theories and defenses. No error is assigned to any of the instructions. The jury returned a verdict for the plaintiff. The defendants have appealed.

Donald R. Pupo will be referred to herein as though he were the sole appellant. He assigns as error the denial of his motions for judgment notwithstanding the verdict, for a directed verdict, and for nonsuit at the close of all of the evidence.

In moving for nonsuit, for a directed verdict, and for judgment notwithstanding the verdict, the moving party admits the truth of the evidence of the party against whom the motions are made and all inferences that reasonably can be drawn therefrom. Such motions require that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. *Fink v. Dixon,* 46 Wn. (2d) 794, 796, 285 P. (2d) 557 (1955). The record before us sustains the trial court's determination

that there was sufficient evidence, under the rule, to submit this case to the jury.

Was there sufficient evidence to sustain the verdict? ▇ The court instructed the jury that, if they found from the evidence that the respondent was driving the car at the time of the accident, their verdict must be for the appellant. The court instructed further on the application of the host-guest statute. It is presumed that the jury followed the court's instructions. *State v. Kelsey,* 46 Wn. (2d) 617, 625, 283 P. (2d) 982 (1955).

We must therefore conclude that, applying the instructions to the evidence, the jury determined (1) that the respondent was not driving the automobile, and (2) that the respondent was not a guest. The jury accepted the testimony of the respondent that Pupo's purpose in entertaining her that evening was to persuade her to accept employment in his restaurant (a business venture). Where, as here, the evidence on this issue was denied and was in sharp conflict, the factual determination was within the sole province of the jury.

Appellant contends that, assuming that a business relationship was proved, nevertheless the respondent was guilty of contributory negligence when she voluntarily rode in appellant's automobile, with knowledge that he had recently consumed intoxicating liquor. In support of this contention, appellant cites *Taylor v. Taug,* 17 Wn. (2d) 533, 136 P. (2d) 176 (1943). In the *Taylor* case, the statutory *host-guest* relationship was found to have existed at the time the guest entered the automobile and to have continued to the end of the trip. We held, in that case, that the guest was precluded from recovery, since there was no showing of intentional injury. Although there was reference to the use of intoxicating liquor by the driver of the automobile, such conduct on the part of the driver was not essential to the court's determination of liability, under the statute there in question. The cited case does not support appellant's contention.

Where no host-guest relationship exists, is one guilty of

contributory negligence by riding with a driver who has recently consumed intoxicating liquor?

The trial court's instruction No. 9 reads as follows:

"If you find by a fair preponderance of the evidence that at the time plaintiff [respondent] and defendant [appellant] left the Stork Club the defendant was under the influence of or affected by intoxicating liquor; and if you find that plaintiff actually knew, or in the exercise of reasonable care should have known, of such condition, if any; and if you find that thereafter plaintiff voluntarily rode in defendant's car with defendant driving; and if you further find that a person exercising reasonable care would not have done so; and that plaintiff suffered injury as a proximate result of such condition, if any, of the driver, then you will find plaintiff guilty of contributory negligence."

No error was assigned to this instruction. It therefore became the law of the case. *Cline v. Department of Labor & Industries*, 50 Wn. (2d) 614, 616, 313 P. (2d) 687 (1957); *Becker v. Tacoma Transit Co.*, 50 Wn. (2d) 688, 694, 314 P. (2d) 638 (1957). The instruction is a proper statement of the applicable law. See *Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, 45 A. L. R. 290 (1925).

The jury found, from the evidence, that contributory negligence had not been proved when they returned a verdict for the respondent.

We find no merit in appellant's contention that contributory negligence should have been determined by the court, as a matter of law, for the reason that the evidence with reference to it was such that the minds of reasonable men might differ with reference thereto. *French v. Chase,* 48 Wn. (2d) 825, 831, 297 P. (2d) 235 (1956); *Becker v. Tacoma Transit Co., supra*, p. 695.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.