[No. 34240. Department Two. December 19, 1957.]

RAY BARNES et al., Respondents, v. LABOR HALL ASSOCIATION, INC., Appellant.[1]

[1] Reported in 319 P. (2d) 554.

. *R. Max Etter* and *Ellsworth I. Connelly*, for appellant.

*Cashatt & Williams* and *Thomas P. Delaney*, for respondents.

DONWORTH, J.—This is an action to recover damages for injuries sustained by Ray Barnes through the alleged negligence of the defendant, Labor Hall Association, in failing to properly maintain a handrail on a stairway. Although his wife was joined as a party plaintiff, Ray Barnes will be referred to herein as though he were the sole plaintiff (respondent).

Plaintiff is a member of the defendant, Labor Hall Association, which operates a club where its members gather to ascertain what jobs are listed and to enjoy the usual social features of such an organization. On November 17, 1955, he went to the labor hall building, which is owned by defendant, for the purpose of checking on possible employment. After checking the employment book, he proceeded to the bar, located in the basement of the building, where he consumed several whisky drinks. Shortly after four-thirty p. m., he started to leave by way of a back stairway which leads to a rear exit. While ascending the stairs, he slipped as he was near the top and grasped the left handrail more firmly for support. The handrail gave

way, and he fell backward to the bottom of the stairway, where he was later found unconscious. The upper half of the handrail was lying near him. As a result of this fall, plaintiff suffered very serious permanent injuries.

Thereafter, plaintiff commenced this action, alleging his injuries were proximately caused by carelessness and negligence of the defendant in the following particulars:

"1. The said defendant, through its agents and employees, knew or should have known in the exercise of reasonable care that the aforesaid handrail was in a dangerously defective condition.

"2. Defendant failed prior to plaintiff's said injury, to make reasonable inspection or any inspection of the said staircase or the said handrail for the purpose of determining whether said portion of defendant's premises was in reasonably safe condition for users thereof.

"3. Defendant failed to maintain the said staircase and handrail in a reasonably safe condition for the users thereof.

"That the foregoing acts and omissions of the defendant were in violation of Ordinance No. C-12321 of the said City of Spokane, . . ."

Defendant entered a general denial, and by way of affirmative defenses alleged contributory negligence and unavoidable accident.

At the trial, the evidence revealed that, prior to his fall, plaintiff had approximately eight half-ounce whisky drinks, "give or take a couple," and, although feeling a bit good, he was not intoxicated or under the influence thereof. He testified that the heel of one of his shoes slipped off a tread near the top of the stairs, and that he fell because the left handrail gave way when he grasped it for support. There were no other witnesses who were present at the time of the accident. There was a handrail on each side of the staircase. These handrails were attached to the walls by three metal brackets, each consisting of two pieces, a metal *arm* attached to the wall and a metal *clamp* with two screw holes. The metal *clamp* was screwed to the handrail and was the means by which the handrail was fastened to the bracket *arms*.

Mr. Anderson, the manager of defendant's building for a

number of years, testified that he inspected the handrail (the left handrail that gave way) immediately after the accident and found the upper bracket *arm* was still in place; that an examination of that portion of the handrail found near plaintiff after his fall disclosed that the *clamp* was still attached to the handrail by the two screws but that the *clamp was broken in the middle.* He testified further that, after removing and examining the *clamp*, he found "it looked like an old break." "It looked . . . like it could have crystalized, it is pot metal, you have seen stuff like that that has broken." Mr. Anderson, after his examination thereof, threw the clamp away, and it was therefore unavailable for further inspection.

Testimony was introduced by defendant to show the various inspections of the handrail made by it.

The case was submitted to the jury, which returned a verdict in favor of the plaintiff in the amount of $82,825.25. From a judgment entered in accordance therewith, this appeal follows.

Appellant assigns as error the giving of one instruction, the failure to give two proposed instructions, the exclusion of certain evidence, and the denial of a motion for a new trial.

The instruction to which error is assigned is No. 5, which reads as follows:

"You are instructed that the building ordinance law of the City of Spokane requires that all stairways such as the one here involved shall have handrails on each side, and you are further instructed that the legal duty devolves upon the owners and managers of premises such as the one here in question to exercise reasonable and ordinary care to maintain such premises, including the stairs and handrails thereof, in a reasonably safe condition for the use of the patrons of said premises.

"By reasonable or ordinary care is meant that degree of care that would be exercised by a reasonably prudent person under the same or similar circumstances.

"It is the duty of every person to exercise reasonable care for the safety of himself, and to use his intelligence and faculties for his own safety.

"You are further instructed that the owner of premises

such as the Labor Hall is not the insurer of the safety of its members, but is required to maintain its premises in such a condition as a reasonably prudent and careful person would deem sufficient to protect its members from danger or injury while such members are themselves exercising reasonable and ordinary care for their own safety. In this connection, plaintiff Ray Barnes, in using the stairway in question, had a right to assume that the handrail in question was in a reasonably safe condition for his use, and to use the same in accordance with that assumption unless he knew or in the exercise of reasonable care should have known to the contrary.

"Likewise, the question of defendant's negligence is whether the defendant knew or in the exercise of reasonable care should have known of the defective condition, if any, of the handrail in question."

■ Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, as amended, effective October 24, 1955, requires that exceptions to instructions given or refused

" . . . *shall specify the paragraphs or particular parts of the charge excepted to,* and the requested instructions the refusal to give which is excepted to, *and shall be sufficiently specific* to apprise the judge of the points of law or questions of fact in dispute." (Italics ours.)

The evident purpose of this rule is to advise the trial court specifically of the reasons for a claimed error. *Gile v. Nielsen,* 20 Wn. (2d) 1, 145 P. (2d) 288 (1944).

■ The particular paragraph of instruction No. 5 excepted to by appellant in the trial court was eliminated from the instruction prior to the time it was given to the jury. Therefore, the instruction, as given to the jury, was not specifically excepted to, and became the law of the case. *Lunz v. Neuman,* 48 Wn. (2d) 26, 290 P. (2d) 697 (1955); *Peterson v. King County,* 45 Wn. (2d) 860, 278 P. (2d) 774 (1954).

Appellant contends on this appeal that the crux of the case is the legal duty owed by appellant to respondent and the circumstances under which the former could be found liable; that instruction No. 5 is a "catchall" instruction; that the last paragraph thereof (hereinbefore set out) was incomplete and inadequate, and not a fair statement of the

law; that this, coupled with the trial court's failure to give defendant's requested instruction No. 9, which is claimed to be an accurate and necessary statement of the law, constituted reversible error.

As previously stated, after elimination of the one paragraph excepted to, instruction No. 5 stood without specific objection. A basis for challenging an instruction not urged in the trial court cannot be urged for the first time on appeal. *Peerless Food Products Co. v. Barrows*, 49 Wn. (2d) 879, 307 P. (2d) 882 (1957).

With respect to defendant's proposed instruction No. 9 (regarding the duty owed by owner of land to business invitees), its counsel stated to the trial court that the subject was partially covered in the last paragraph of instruction No. 5; that it was a proper statement as far as it went, but that he did not believe it was clear enough and should be more fully covered.

If, in fact, appellant did consider the last paragraph of instruction No. 5 to be, as it argues now, an incomplete and inaccurate statement of the law, exception should have been taken thereto. Be that as it may, the instructions must be taken as a whole. *Cote v. Allen,* 50 Wn. (2d) 584, 313 P. (2d) 693 (1957). Viewing the instructions with this rule in mind, we are convinced that the jury was adequately instructed on the issues and the applicable law. The court did not err in refusing to give appellant's proposed instruction No. 9.

Error is also assigned for the failure of the trial court to give appellant's proposed instruction No. 3 on unavoidable accident.

An instruction on unavoidable accident is proper only when the evidence shows or justifies an inference that an unavoidable accident has occurred as that term has been defined. See *Brewer v. Berner*, 15 Wn. (2d) 644, 131 P. (2d) 940 (1942). In the case at bar, the evidence presented but two issues for the jury to decide on the question of liability, and those were (1) whether negligence proximately causing the injuries existed on the part of appellant, and (2) the existence of contributory negligence on the part of respon-

dent. Therefore, an instruction on unavoidable accident was not warranted.

During the trial, appellant attempted to introduce testimony as to the condition of the right handrail compared with the left (the one that gave way) for the purpose of conducting an experiment to show the force required to tear the handrail from the wall. The trial court sustained objection to such testimony.

■ Experiments are permitted, and the results thereof admissible, only when the conditions under which they are conducted are substantially similar to those existing at the time of the accident or occurrence in question. In ruling upon such matters, the trial court exercises its discretion and our review is limited to whether there has been an abuse of this judicial discretion. See *State v. McMurray*, 47 Wn. (2d) 128, 286 P. (2d) 684 (1955), and cases discussed therein. We cannot say, from our review of the record, that the trial court abused its discretion in excluding the testimony offered by appellant for the purpose of establishing grounds for such experiment.

Lastly, appellant claims the court erred in failing to grant its motion for a new trial on the following grounds: (1) error in law occurring at the trial and excepted to at the time by appellant; (2) that there is no evidence, or reasonable inference from the evidence, to justify the verdict or the decision, or that it is contrary to law.

We have previously discussed the alleged errors of law argued by the appellant in conjunction with its first ground for a new trial, and suffice it to say, the trial court did not err in its ruling in respect to this ground.

■ In reviewing the denial of a motion for a new trial on the ground that the evidence was insufficient to support the verdict, the evidence must be interpreted most strongly against the moving party and in favor of his opponent, and the ruling of the trial court will not be disturbed except for clear abuse of discretion. *System Tank Lines v. Dixon*, 47 Wn. (2d) 147, 286 P. (2d) 704 (1955).

■ From a careful examination of the record, we are

convinced that the trial court did not abuse its discretion in denying the motion for new trial.

The judgment is affirmed.

HILL, C. J., MALLERY, and ROSELLINI, JJ., concur.

