[No. 34382.   Department Two.   May 22, 1958.]

HARRY KLISE *et al., Respondents,* v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen, William W. Brown,* and *C. C. McCullough,* for appellant.

*Edwards E. Merges,* for respondents.

FOSTER, J.—Plaintiffs, husband and wife, respondents here, sued the city of Seattle for damages caused by an

[1]Reported in 325 P. (2d) 888.

earth slide to their duplex house. From a judgment for the respondents on the verdict of a jury, the city of Seattle appeals.

▇ Two of the five assignments of error deal with instructions. We find the exceptions to the instructions complained of inadequate under Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, as amended, effective October 24, 1955, which requires that the exceptions "shall be sufficiently specific to apprise the judge of the points of law or questions of fact in dispute." The words of the exceptions are:

"I except to that, which reads as follows: . . .
"I except particularly to the last paragraph which reads: . . .
"I except to the Court's failure to give the requested Instruction Number 2 and that is the one that has to do—well, it is short. I will read it: . . ."

These exceptions totally fail of the purpose stated in the rule to advise the court of the specific points of law or fact involved. *Barnes v. Labor Hall Ass'n*, 51 Wn. (2d) 421, 319 P. (2d) 554; *Traverso v. Pupo*, 51 Wn. (2d) 149, 316 P. (2d) 462; *Lunz v. Neuman*, 48 Wn. (2d) 26, 290 P. (2d) 697; *Peterson v. King County*, 45 Wn. (2d) 860, 278 P. (2d) 774.

▇ The other assignments of error all involve the same question, that is, is the evidence sufficient to sustain the verdict. It is familiar law that the evidence will be considered in the light most favorable to the plaintiff with all reasonable inferences drawn in his favor.

By a special verdict, the jury found that the sewer broke because of excessive water pressure within the sewer pipe, that the removal of the toe of the slope had no part in the slide, and that the sewer broke before the slide. There is ample evidence in the record from which the jury could resolve all of those questions in favor of the plaintiffs. No useful purpose would be served by restating it. The sewer was constructed in 1911, and it was in the exclusive control of the city.

■■ Under our recent decision in *Kind v. Seattle*, 50.Wn. (2d) 485, 312 P. (2d) 811, the rule is:

"Where a plaintiff's evidence establishes that an instrumentality under the exclusive control of the defendants caused an injurious occurrence, which ordinarily does not happen if those in control of the instrumentality use ordinary care, there is an inference, permissible from the occurrence itself, that it was caused by the defendant's want of care. *Nopson v. Wockner*, 40 Wn. (2d) 645, 245 P. (2d) 1022. Legal control or responsibility for the proper and efficient functioning of the instrumentality which caused the injury and a superior, if not exclusive, position for knowing or obtaining knowledge of the facts which caused the injury, provide a sufficient basis for the application of the doctrine. *Hogland v. Klein*, 49 Wn. (2d) 216, 298 P. (2d) 1099. When these circumstances are shown, the plaintiff has made a *prima facie case*, and it devolves upon the defendant to produce evidence to meet and offset the effect of the presumption. *Hogland v. Klein, supra.*"

The city affirmatively pleaded that the slide was caused by the removal of the toe of the slope several years before. Competent civil engineers gave it as their opinion that the sewer line broke before the slide began, that the removal of the toe was not a factor, and that any slide caused by such removal would have occurred in 1955 or earlier.

Affirmed.

DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

HILL, C. J. concurs in the result.