[No. 36015.    En Banc.    July 11, 1963.]

RICHARD OSBORN, *Respondent*, v. REITA M. CHAPMAN, *Individually and as Executrix, et al., Appellants.*\*

\*Reported in 384 P. (2d) 117.

*Lycette, Diamond & Sylvester* and *Albert O. Prince*, for appellants.

*Wright & Wright*, for respondent.

Oᴛᴛ, C. J.—Lloyd W. Chapman and Reita M. Chapman, his wife, and their son, William Chapman, appealed from a judgment entered in an action for the alleged wrongful death of the respondent's son, Joseph Osborn. Subsequently, Lloyd W. Chapman died, and Reita M. Chapman, as executrix of his estate, was substituted as a party appellant for her deceased husband.

May 21, 1959, Joseph Osborn and two other minor boys were guest passengers in the appellants' automobile, driven by their son William, aged 19. Soon after the start of the trip, two bottles of wine were purchased, which were consumed by the four youths while they were stopped on a side road. Thereafter, William Chapman resumed driving. At a "T" intersection, the automobile went out of control. William Chapman then offered to relinquish the driving of the automobile to any one of the others. The offer was not accepted.

The trip continued down a winding, graveled, county road, at speeds variously estimated up to 60 miles an hour. The automobile again went out of control, left skid marks for a distance of 310 feet, ran off the road, and struck a tree. Joseph Osborn suffered fatal injuries.

Appellants' assignments of error relate to the alleged insufficiency of the evidence to establish liability, and to instructions given or refused.

The rule is well established that, when the sufficiency of the evidence to sustain the verdict is challenged, the evidence and all inferences therefrom are considered in the light most favorable to the prevailing party. *Day v.*

*Frazer,* 59 Wn. (2d) 659, 369 P. (2d) 859 (1962); *Jones v. Hogan,* 56 Wn. (2d) 23, 351 P. (2d) 153 (1960); *Gildesgard v. Pacific Warehouse Co.,* 55 Wn. (2d) 870, 350 P. (2d) 1016 (1960); *Traverso v. Pupo,* 51 Wn. (2d) 149, 316 P. (2d) 462 (1957). William Chapman's admission of speed and drinking (later denied), together with the physical evidence and surrounding circumstances, was sufficient to raise a factual issue as to liability for the jury's determination. Applying the rule to the facts in the instant case, the court did not err in denying the motion challenging the sufficiency of the evidence.

■ Appellants next contend that the evidence established that the deceased was guilty of contributory negligence, as a matter of law, by riding with William Chapman, having knowledge of his drinking and the manner in which he had operated the automobile just prior to the fatal accident, and by not accepting William Chapman's offer to relinquish the driving to decedent.

Whether these facts had been proved, or whether a reasonably prudent passenger would have continued the journey with his host under these circumstances, presented factual issues to be resolved by the jury. *Lambert v. Smith,* 54 Wn. (2d) 348, 340 P. (2d) 774 (1959); *Traverso v. Pupo, supra.*

We turn now to the alleged errors relative to instructions given or refused.

Respondent's action was based upon the 1957 amendment to the host-guest statute (Laws of 1957, chapter 132, p. 484, RCW 46.08.080), which provided:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve

any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser."

■ The statute grants a host immunity from liability for injury to his guest which proximately results from simple negligence. *Abel v. Firs Bible & Missionary Conference*, 57 Wn. (2d) 853, 360 P. (2d) 356 (1961). Liability is established (in the absence of contributory negligence) only after it has been proved, by a preponderance of the evidence, that the injury to the guest was intentionally inflicted by the host or was the proximate result of his gross negligence or intoxication.

■ The appellants requested the court to instruct the jury upon this statutory immunity granted to a host. The court denied the request. In a host-guest case, such an instruction should be given, and it was prejudicial error to fail to instruct the jury in this regard. See *DeKoning v. Williams*, 47 Wn. (2d) 139, 286 P. (2d) 694 (1955).

In the event of a retrial, alleged errors relating to certain other instructions, given or rejected, should be considered.

■■ In instruction No. 3, the court properly defined gross negligence; however, in the same instruction it defined wanton misconduct. To overcome the immunity of a host, the statute enumerates intentional injury as one basis for establishing liability, and that term, rather than wanton misconduct, should have been defined. Further, in the same instruction, simple negligence was defined to aid the jury in understanding the term gross negligence. The jury should have been instructed that simple negligence was defined solely for this purpose, and that it will not sustain a verdict in a host-guest case.

■ The court, in its instruction No. 4, set forth RCW 46.48.010 and instructed that "The violation . . . of the foregoing statute would constitute negligence as a matter of law." We have held that simple negligence is established per se, if the regulatory standards defined by statute are violated. Gross negligence per se is not proved by evidence of violation of statute. It is evidence of "want of slight care" which establishes gross negligence. *Eichner*

*v. Dorsten,* 59 Wn. (2d) 728, 370 P. (2d) 592 (1962); *Miller v. Treat,* 57 Wn. (2d) 524, 358 P. (2d) 143 (1960).

■ Finally, the specific acts upon which appellants relied to establish contributory negligence on the part of the decedent were (1) that as a reasonably prudent person he should have accepted William Chapman's offer to relinquish the driving of the automobile, and (2) that he should not have continued the journey, with knowledge of the alleged drinking and the manner in which appellant driver had operated the vehicle just prior to the fatal accident. Appellants' requested instruction in this regard, or a similar one, should have been given to present this defense to the jury.

Upon retrial, the instructions should be given in accordance with the views herein expressed.

For the reasons stated, the judgment is reversed, and the cause remanded with instructions to grant a new trial.

WEAVER, ROSELLINI, HUNTER, and HALE, JJ., concur.

HAMILTON, J. (dissenting)—I agree with the majority in their determination that the evidence is sufficient to justify submission of the cause to the jury upon the issues presented by the pleadings and defined by the instructions.

The majority, however, grant a new trial upon the basis that the trial court failed to submit an instruction reciting the host-guest statute (RCW 46.08.080). With this determination I disagree.

Appellants excepted, at the time of trial, to the trial court's failure to submit their proposed instruction embracing the host-guest statute in the following manner:

"The defendant excepts to failure to give defendant's Instruction Number 6, Your Honor, which is a statement of the law of the State of Washington: [Statute read.] This is 46.08.060, I believe, Your Honor; I will stand corrected on the last two."

A general exception such as this does not conform with the requirements of Rule of Pleading, Practice and Procedure 51.16W, RCW Vol. 0, and will not support an assignment of error or appellate review. *Klise v. Seattle,* 52 Wn.

(2d) 412, 325 P. (2d) 888; *Cauble v. Dahl*, 48 Wn. (2d) 440, 294 P. (2d) 416; *Lunz v. Neuman*, 48 Wn. (2d) 26, 290 P. (2d) 697; *Rank v. Alaska S.S. Co.*, 45 Wn. (2d) 337, 274 P. (2d) 583; *Shields v. Paarmann*, 41 Wn. (2d) 423, 249 P. (2d) 377; *Ballard v. Yellow Cab Co.*, 20 Wn. (2d) 67, 145 P. (2d) 1019; *Glick v. Ropes*, 18 Wn. (2d) 260, 138 P. (2d) 858; *Hansen v. Columbia Breweries*, 12 Wn. (2d) 554, 122 P. (2d) 489; *Boyd v. Cole*, 189 Wash. 81, 63 P. (2d) 931; *Keseleff v. Sunset Highway Motor Freight Co.*, 187 Wash. 642, 60 P. (2d) 720; *Drainage Dist. No. 2 of Snohomish Cy. v. Everett*, 171 Wash. 471, 18 P. (2d) 53, 88 A.L.R. 123.

The sole written argument advanced by appellants in their brief upon the assignment of error embracing the foregoing exception reads:

"The refusal of the trial court to give these instructions to the jury prevented them from adequately considering all of the law applicable to the facts of this case."

Rule on Appeal 42(a)(7), RCW Vol. 0, requires that assignments of error be discussed in the brief. A failure so to do will be deemed an abandonment or waiver of the assignment of error. *Seattle v. Love*, 61 Wn. (2d) 113, 377 P. (2d) 255; *El Cerrito, Inc. v. Ryndak*, 60 Wn. (2d) 847, 376 P. (2d) 528; *State v. Davis*, 60 Wn. (2d) 233, 373 P. (2d) 128; *DeHeer v. Seattle Post-Intelligencer*, 60 Wn. (2d) 122, 372 P. (2d) 193; *Verstraelen v. Kellog*, 60 Wn. (2d) 115, 372 P. (2d) 543; *State v. Bell*, 59 Wn. (2d) 338, 368 P. (2d) 177; *Kent v. Whitaker*, 58 Wn. (2d) 569, 364 P. (2d) 556; *Fulton v. Fulton*, 57 Wn. (2d) 331, 357 P. (2d) 169, *Reeder v. Sears, Roebuck & Co.*, 41 Wn. (2d) 550, 250 P. (2d) 518.

If the requirements of Rule of Pleading, Practice and Procedure 51.16W, RCW Vol. 0, are to be overlooked, and the foregoing quoted statement is to be considered a compliance with Rule on Appeal 42(a)(7), RCW Vol. 0, then it would not be unreasonable to conclude, from the brevity of appellants' discussion, that appellants themselves attach but little significance to this claim of error.

Under such circumstances, the assignment should not be considered of sufficient moment to warrant a new trial.

This court has frequently stated we will not accept invitations to search the record for error. *In re Bellevue*, 59 Wn. (2d) 793, 370 P. (2d) 861; *State v. Bell, supra*; *Fulton v. Fulton, supra*; *Malnati v. Ramstead*, 50 Wn. (2d) 105, 309 P. (2d) 754.

The issues carried into the instructions and submitted to the jury were (a) whether appellant-driver was guilty of wanton misconduct, gross negligence, or intoxication; and (b) whether the deceased, as a passenger, was guilty of contributory wanton misconduct or negligence.

To have quoted the host-guest statute in its entirety (which the majority states should have been done) could well have been confusing to the jury, because it suggests issues which were not in the case.

Respondent did not plead or contend that appellant-driver intentionally injured the deceased. Appellants do not contend, and under the circumstances the record would not justify a contention that, the evidence being otherwise sufficient, the cause of action was not "corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action." In this latter respect, the liability phase of respondent's cause of action rests wholly upon the testimony of the remaining passengers in the fatal vehicle, other independent witnesses, and the physical evidence, coupled with the testimony of appellant-driver as an adverse witness. Appellants called no witnesses.

Except for their challenge to the sufficiency of the evidence, appellants make no assignment of error to submission of the issue of wanton misconduct. The propriety, therefore, of including such issue should not be reviewed on this appeal. *Pettaway v. Commercial Automotive Ser.*, 49 Wn. (2d) 650, 306 P. (2d) 219.

In fact, in argument upon an assignment of error directed to the trial court's instruction defining the various terms, including wanton misconduct and contributory wanton misconduct, appellants state in their brief:

". . . In and of itself, Instruction No. 3 is a good and valid instruction when sufficiently explained by other

instructions submitted by the court so that it acts as a guidepost for the jury in determining how the additional instructions apply to the factual situation of the particular case involved. However, in the *instant* case, the court erred in giving the jury the definition of 'negligence' in that negligence was not a grounds for consideration by the jury in the determination of liability and the said definition being in the instructions would tend to confuse the jury, rather than assist them in their deliberations."

The trial court, in its instructions, made it abundantly clear that to recover respondent had to establish wanton misconduct, gross negligence or intoxication. He advised the jury clearly as to the effect of contributory negligence or wanton misconduct upon the part of the deceased passenger. All of the terms were correctly defined. A definition of negligence was explanatory and desirable to an understanding on the part of the jury of the terms "gross negligence" and "contributory negligence." *Pickering v. Stearns*, 182 Wash. 234, 46 P. (2d) 394.

Appellants' theory of the case was that appellant-driver was not guilty of wanton misconduct, gross negligence or intoxication, or, if so, the decedent, as a passenger, was under all the circumstances, guilty of contributory misconduct or negligence in continuing to ride in the vehicle or in failing to take advantage of appellant-driver's offer to relinquish the driving.

In the instructions, appellants' theory of the case was presented in the following language:

"With reference to the issue of liability, the defendants deny the plaintiff's allegations of wanton misconduct, gross negligence, and intoxication. As an affirmative defense to the charge of wanton misconduct, the defendants allege that the conduct of the plaintiff's son at the time and place in question was the same as that of the defendant William Chapman, and if the one was wanton misconduct, so was the other. With reference to plaintiff's allegation of gross negligence and intoxication, the defendants allege that the plaintiff's son was contributorily negligent in:

"1. Failing to make any protest or objection concerning the speed or the manner in which the defendant William Chapman was operating the automobile; and

"2. In voluntarily assuming and consenting to any danger and risk incident to the place, speed, and manner in which the automobile was being operated."

In a following instruction, the jury was adequately advised of the effect of a determination favorable to defendants.

Appellants' theory of the case was fairly presented to the jury. A recitation of the host-guest statute would have added nothing.

In *Lamping v. Ripley*, 178 Wash. 206, 209, 34 P. (2d) 459, this court stated:

". . . Jury trials are serious and expensive things, and the public, as well as the parties, are interested in having cases once fairly tried and finally disposed of. Repeated trials of the same issue are to be encouraged only when, in spite of care and diligence, error has been committed and injustice has been done. . . ."

I would affirm the judgment.

HILL, DONWORTH, and FINLEY, JJ., concur with HAMILTON, J.